Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REX MICHAEL KERN, JR.,<br><br>Defendant. | Case No.: 4:22-CR-6038-MKD-1<br><br>UNITED STATES' INITIAL EXPERT DISCLOSURES AND NOTICE OF INTENT TO USE EXPERT TESTIMONY |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney, hereby submits the United States' Initial Expert Disclosures and Notice of Intent to Use Expert Testimony.

## INTERSTATE NEXUS

At trial, the United States will seek to admit the expert opinion of Nicholas Kingston, the Resident Agent in Charge of the Yakima office of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), regarding the interstate nexus of the firearms identified in the case. RAC Kingston's reports have been produced in discovery at Bates 10000008.325-326 and 600000031, and the United States anticipates that he will testify consistent with them.

United States' Initial Expert Disclosure – Kern – 1

RAC Kingston's reports indicate his examination of the firearms in this case and his expert opinion that the firearms in this case were not manufactured exclusively in the State of Washington and therefore traveled in interstate and/or foreign commerce. RAC Kingston's curriculum vitae ("CV") is attached hereto, and sets forth his qualifications, training, and experience as an expert on interstate nexus. The bases for his opinions are set forth in his CV and reports. RAC Kingston has not testified as an expert on nexus in the last ten years, and has not published on nexus in the last four years.

## FINGERPRINT ANALYSIS

At trial, the United States will seek to admit the expert opinion of Washington State Patrol Forensic Specialist Jodie Dewey that Defendant's fingerprints were recovered from the Winchester rifle identified in the discovery. Ms. Dewey's Crime Laboratory Report is produced at Bates 10000007, and Defendant's ten-print card is produced at Bates 100000018. Ms. Dewey's curriculum vitae is attached hereto, and sets forth her qualifications, training, and experience as an expert on fingerprint analysis. She has not published in the last four years. In the last ten years, she has testified approximately 28 times as a fingerprint expert. The specific list of cases in which she has testified can be generated and produced to the defense if necessary.

In providing her expert opinion as to her review of these items, she will provide step-by-step testimony of her examination of each item for the presence of identifiable fingerprints. In doing so, she will testify how she compared the fingerprints in this case, why fingerprints are sometimes not left when an object is handled, and the difference between an identified fingerprint and one suitable for comparison. She will likely testify that some items could not be examined for fingerprints and further explain why examination could not be completed. She will testify that two latent fingerprints suitable for comparison were identified on the Winchester rifle, that she compared them to prints of Defendant, and they matched.

United States' Initial Expert Disclosure – Kern – 2

## LABORATORY REPORTS FOR DRUGS

Defendant is alleged to have possessed methamphetamine, cocaine, and fentanyl. All of the suspected narcotics have been sent to laboratories for testing. Not all of the results are back yet.

The lab reports for the cocaine are back, and can be found at Bates 100000057. If necessary, the chemist who did that analysis will testify at trial consistent with the lab report that the cocaine recovered from the ziplock baggie in Defendant's possession was approximately 8 grams of powder cocaine. The United States will supplement this disclosure with that chemist's CV and the bases for his or her opinions as soon as the United States receives those documents.

The lab reports for the suspected methamphetamine and fentanyl are not back yet, but the United States will produce them, along with the requisite expertise and bases of opinions of all chemists, as soon as they are. The United States anticipates trial testimony that the suspected narcotic substances referenced in the discovery as suspected methamphetamine and fentanyl are in fact methamphetamine and fentanyl, and the chemists will testify to the net weights and purities of the substances themselves.

## FORENSIC EXAMINATIONS OF CELLULAR TELEPHONES

Defendant's cellular telephones were recovered during this case, and were forensically examined via Cellebrite and GrayKey, a similar program. *See* Bates 1000000035 and 6000000033. The United States anticipates calling Detective Christina Ruchert, the forensic examiner who conducted the examinations of Defendant's cellular telephones, but does not believe that she is required to be noticed as an expert witness.

Testimony as to a Cellebrite extraction is not expert testimony. A fact witness may testify as to matters about which the witness has personal knowledge, so long as the evidence is otherwise admissible. Fed. R. Evid. 602. Fact testimony, even when offered by a person who has specialized knowledge, is admissible if it

United States' Initial Expert Disclosure – Kern – 3

is: (1) relevant, pursuant to Federal Rule of Evidence 401; (2) within the personal knowledge of the witness, pursuant to Federal Rule of Evidence 602; and (3) helpful, as distinguished from testimony that "is not probative and merely a waste of time, [and thus] excludable under [Federal Rule of Evidence] 403." 29 *Charles A. Wright & Victor J. Gold, Federal Practice and Procedure: Evidence* § 6253, at 117 (1997). By contrast, where "specialized knowledge will assist the trier of fact," an expert witness may give opinion testimony if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Detective Ruchert does have technical expertise pertaining to cellular devices, but that expertise is not necessary for the type of testimony she is noticed for and will give in this case, with regard to the extraction of cell phones. Det. Ruchert's anticipated testimony that she performed extractions of the phones, and testimony regarding what she obtained pursuant to those extractions, is not "expert opinion" testimony about Cellebrite, but merely a factual recitation of what Det. Ruchert personally did. As such, her testimony regarding the phones is noted in an abundance of caution pursuant to Rule 702, but the majority of what she will testify to is what she personally did and what she observed. *See United States v. McLeod*, 747 F. App'x. 486 (9th Cir. 2019) (detective's testimony as to his extraction using Cellebrite was lay testimony and even if it was required to meet Rule 702, the error of not having a reliability test would be harmless); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) ("The officers who followed the software prompts from Cellebrite and XRY to obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony."); *United States v. Berry,* 318 Fed. Appx. 569, 570 (9th Cir. 2009) (memorandum disposition) (a forensic examiner who "simply testified to what he found on the hard drive of [the

United States' Initial Expert Disclosure – Kern – 4

defendant's] computer, without expressing an opinion that required specialized knowledge or offering insight beyond common understanding" was a fact witness, not an expert); *United States v. Callabero*, 277 F.3d 1235, 1247 (10th Cir. 2002) (testimony of INS agents was "neither a lay nor an expert opinion" but only "a statement of fact as to what they had witnessed"); *United States v. McMillan*, 600 F.3d 434, 456 (5th Cir. 2010) (testimony of two accountants properly admitted as "fact witnesses" when they testified "about their observations and perceptions in the case"); *United States v. Marsh*, 568 F. App'x 15 (2d. Cir. 2014) (FBI agent testified he used Cellebrite to review contents of two cellular phones; Second Circuit found the testimony was relaying observations and did not "turn on or require a technical understanding of the programming or internal mechanics of the technology.").

Federal Rule of Evidence 701 provides that a lay witness may offer opinion testimony that exceeds his or her percipient observations, so long as the opinion is "(a) rationally based on the witness' perception; (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Det. Ruchert's testimony meets Rule 701's requirements. Her testimony will be "rationally based on [her] perception," as she will describe what she did with Defendant's phones. Fed. R. Evid. 701. Her testimony is helpful to "determining a fact in issue," as the information she retrieved constitutes evidence of the counts in the indictment. Finally, Det. Ruchert's testimony about the phones will not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* To the extent Rule 702 applies, however, the standard is met. Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony

United States' Initial Expert Disclosure – Kern – 5

is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Cellebrite is reliable, and Det. Ruchert is qualified. There is nothing in the record to suggest that Cellebrite is "science that is junky," instead, Cellebrite is the standard in the field. Det. Ruchert is a Cellebrite Certified Operator ("CCO") and Cellebrite Certified Physical Analyst ("CCPA"), and is qualified to operate the software. She applied principles and methods reliably in this case, as indicated by the information available from the extraction.

## RECIPROCITY

Having provided notice and summaries pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the United States hereby formally requests disclosure pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) of any expert testimony that the defense intends to offer.

## THIS INFORMATION MAY BE SUPPLEMENTED

Given the technological nature of the expert testimony, potential scheduling conflicts, the ongoing review of evidence, and the fact that some laboratory reports have not yet been generated, the United States reserves the right to supplement this notice as additional materials are received. If the defense believes that that any information in this notice is insufficient, the United States requests that the defense notifies the United States immediately so that any issues can be remedied or the specific requested information can be obtained and provided. Under those circumstances, the United States reserves the right to request an opportunity to be heard prior to trial, in an effort to streamline trial in an efficient manner.

Dated: February 9, 2023

Vanessa R. Waldref
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

United States' Initial Expert Disclosure – Kern – 6

# CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to Defendant's counsel of record using the CM/ECF system.

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

Certificate of Service – 1