Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>REX MICHAEL KERN, JR.,<br><br>  Defendant. | Case No.: 4:22-CR-6038-MKD-1<br><br>United States' Status Report and Revised Proposed Case Management Schedule |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, hereby submits the United States' Status Update and Revised Proposed Case Management Schedule in the above-captioned matter.

A.   **Status of the Case**

   1.   **The Superseding Indictment**

   On February 22, 2023, more than 70 days before the current trial date of May 8, 2023, the United States sought, and a federal Grand Jury returned, a Superseding Indictment. ECF No. 36. The Superseding Indictment charges Defendant Rex Michael Kern, Jr. ("Defendant") with criminal conduct that is alleged to have taken place in both February 2022 and July 2022 (as set forth in the United States' prior status report, ECF No. 31.)

Status Report and Revised Proposed Case Management Schedule – Kern – 1

Defendant is now charged with Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Counts 1 and 3), Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Counts 2 and 5), Possession with Intent to Distribute 40 Grams or More of a Mixture or Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi) (Count 4), and Possession of Firearms During and in Relation to Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 6). ECF No. 36.

The United States was mindful of the Court's concerns about the United States seeking a Superseding Indictment so close to the current trial date that the defense would necessarily require a trial continuance. Because the Superseding Indictment was returned more than 70 days prior to the trial date, the United States respectfully submits that any concerns about the need for potential severance have been ameliorated.

2. **Status of Discovery and Expert Reports**

On January 13, 2023, three days after Nick Marchi was appointed as defense counsel, the United States produced to the defense the discovery that was at that time in its possession, custody, and control, and had been processed in its USAFx system. That round of discovery included the vast majority of substantive reports, photographs, and warrants for all of the charges in the case, including Defendant's alleged misconduct in both February 2022 and July 2022 (that is, all of the charged conduct, including everything alleged in the Superseding Indictment). At that time, the United States represented that it would continue to receive, process, and produce additional discovery as needed, including lab reports for the drugs in the case, fingerprint reports for the guns, and the like.

On February 10, 2023, the United States produced its initial round of expert reports and summaries, noting that it would need to supplement as additional reports, such as lab reports for the drugs, came back.

Status Report and Revised Proposed Case Management Schedule – Kern – 2

On February 14, 2023, the United States offered Defendant a plea agreement, which Defendant did not accept. With the case in a trial posture, the United States requested, received, and produced expedited lab results, along with a small amount of other supplemental discovery, such as fingerprint analysis for the guns from Defendant's alleged July 2022 conduct, and photographs of the prints on the actual guns. This material has continued to be produced on a rolling basis.

### 3. Defendant's Request For A Continuance and *Flynt*

On March 7, 2023, Defendant filed a motion for a continuance. ECF No. 43. Because of the court's stated concerns about extensive continuances, the United States indicated to the defense and the Court in an email that it objected to the continuance request. Defendant has noticed the hearing on the continuance request for April 20, 2023, three weeks before the current trial date.

To be clear, the United States believes that Defendant has had the information relevant to trial (for example, the amount of drugs at issue, if not the actual lab reports confirming the weights) with enough time to prepare for trial on May 8, 2023, in the exercise of due diligence. At the same time, the United States has significant concerns that the Ninth Circuit may not come to that same conclusion after applying the four-factor test for abuse of discretion set forth in *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).

Under *Flynt*, the Ninth Circuit evaluates the District Court's denial of a pretrial continuance request for the following: (1) whether the defense has been diligent or the request for a continuance appears to be a delaying tactic; (2) the usefulness of the continuance (how likely it is that the purpose of the continuance would have been achieved had it been granted); (3) the inconvenience to the Court or government; and (4) prejudice of a denial to the Defendant. *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010). The District Court abuses its discretion if its denial of a continuance is "arbitrary or unreasonable." *Id. (quoting Flynt).*

Status Report and Revised Proposed Case Management Schedule – Kern – 3

1    Here, defense counsel was appointed on January 10, 2023, when the trial
2    date was February 6, 2023, necessitating a fairly obvious need for a first
3    continuance.
4    Although the Superseding Indictment was returned on February 22, 2023,
5    more than 70 days from the new trial date of May 8, 2023, it does increase
6    Defendant's mandatory sentencing exposure from 10 years to 15 years, which
7    could affect defense strategy.
8    Although the minimal supplemental discovery that has been produced on a
9    rolling basis since the middle of January 2023 is in no way surprising or
10   unpredictable, it is also true that even with expedited requests, the United States
11   did not receive the formal drug lab reports back from DEA until March 14, 2023
12   (and produced them on March 15, 2023).
13   The United States reads Defendant's motion to continue (ECF No. 43) as a
14   representation that under these circumstances, counsel cannot represent Defendant
15   at trial on May 8, 2023, in a constitutionally adequate manner, such that the denial
16   of a continuance request would in fact prejudice Defendant.
17   Thus, although the United States is highly aware of the Court's concerns
18   about unnecessary delay, under the circumstances in this case the United States is
19   even more concerned about proceeding to trial on the current date, obtaining a
20   conviction against Defendant, and having to try the case a second time because the
21   Ninth Circuit concludes that the denial of the current continuance request
22   constitutes an abuse of discretion under the factors set forth in *Flynt*.
23   Accordingly, the United States formally withdraws its objection to
24   Defendant's continuance request.  *See* ECF No. 43.
25   The Court and parties have confirmed that a trial date of August 14, 2023,
26   will meet the scheduling needs of all concerned if the Court grants the continuance
27   request.
28   Defendant has waived his Speedy Trial rights through that date.

Status Report and Revised Proposed Case Management Schedule – Kern – 4

B. **Revised Proposed Case Management Schedule**

Based on the parties' communications with the Court's chambers, the United States anticipates a new proposed trial date of August 14, 2023, if the Court grants Defendant's motion to continue. Accordingly, the United States proposes the following joint revised case management schedule, which contains dates that generally correlate to the existing pretrial deadlines. The United States has met and conferred with defense counsel, Nick Marchi, and has confirmed that the defense has no objection to these proposed dates:

| | |
|---|---|
| **Supplemental Expert Witness Disclosures** | **May 11, 2023** |
| **All pretrial motions (discovery, *Daubert*, *in limine*)**<br>    Motions Filed:<br>    Responses Filed<br>    Replies Filed: | **June 1, 2023**<br>**June 8, 2023**<br>**June 15, 203** |
| **PRETRIAL CONFERENCE**<br>*Deadline for motions to continue trial* | **July 27, 2023**<br>**1:30 p.m. - RICHLAND** |
| CIs' identities and willingness to be interviewed disclosed to Defendant (if applicable) | **July 31, 2023** |
| Grand Jury transcripts of Case Agent, CIs, and Other Witnesses produced to Defendant | **July 31, 2023** |
| Trial briefs, jury instructions, verdict forms, and requested *voir dire* filed and emailed to the Court | **July 31, 2023** |
| Exhibit lists filed and emailed to the Court | **August 7, 2023** |
| Witness lists filed and emailed to the Court | **August 7, 2023** |
| Exhibit binders delivered to all parties and to the Court | **August 7, 2023** |
| Delivery of JERS-compatible digital evidence files to the Courtroom Deputy | **August 7, 2023** |
| Trial notices filed with the Court | **August 7, 2023** |
| Technology readiness meeting (in-person, in Richland) | **August 7, 2023** |
| **FINAL PRETRIAL CONFERENCE** | **August 14, 2023**<br>**8:30 a.m. - RICHLAND** |
| **JURY TRIAL** | **August 14, 2023**<br>**9:00 a.m. - RICHLAND** |

1  If the Court is inclined to deny Defendant's continuance request, the United
2  States requests an expedited hearing on the motion as soon as possible. A hearing
3  on the continuance motion on April 20, 2023, is too close to the May 8, 2023, trial
4  date to coordinate with trial witnesses, who need certainty for scheduling purposes.
5  This is a drug and gun case that, absent stipulations, will require the United States
6  to call chemists, fingerprint experts, DEA witnesses, ATF witnesses, and local law
7  enforcement officers.

8  Dated: March 16, 2023

Vanessa R. Waldref
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to Defendant's counsel of record using the CM/ECF system.

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney