NICHOLAS MARCHI
Carney & Marchi, P.S.
7502 West Deschutes Place
Kennewick WA 99336
(509) 545-1055
Attorneys for Defendant
REX MICHAEL KERN Jr.

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON
RICHLAND, WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>REX MICHAEL KERN Jr.,<br><br>    Defendant. | Case No.4:22-CR-6038-MKD-1<br><br>MOTION AND MEMORANDUM RE: SUPPRESSION OF EVIDENCE<br><br>Note:  July 27, 2023, at 1:30pm<br>Judge Dimke at Richland<br><br>Evidentiary Hearing Requested |

COMES NOW the Defendant, REX MICHAEL KERN Jr., and moves this Court for an Order suppressing the evidence seized in this matter.  This motion is based on the attached Memorandum of Law filed in support of this motion.  Specifically, the defendant moves to suppress evidence seized from his vehicles on February 11, 2022, and July 21, 2022.

I.    Facts

Mr. Kern is charged by Indictment with three counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C §841(a)(1)(b)(1)(B)(viii); and two counts of Felon in Possession of a Firearm in

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 1

violation of 21 U.S.C §922(g)(1) and 924(a)(2)841(a)(2); 924(a)(8).  He is also charged with one count Possession of Firearms in Furtherance of Drug Trafficking in violation of 18 U.S.C. §924(c)(1)(A).

A copy of the report regarding the search of the vehicles is attached as Exhibit A.  A copy of the Affidavits in support of the request for a search warrant for the vehicles is attached hereto as Exhibit B.

On February 11, 2022, at 3:00 am, Officer Watson of the Walla Walla Police Department observed a white Hyundai at a stop sign in Walla Walla.  The vehicle caught the attention of the officer as it was stopped at the stop sign.  As the officer pulled up to the intersection, the Hyundai then proceeded to pass through the intersection.  The officer then requested a run of the license plate.   The vehicle came back as stolen, and the officer then proceeded to pull the vehicle over.

The driver of the vehicle was Mr. Kern.  Officers arrived and they requested that Mr. Kern exit the vehicle.  After Mr. Kern exited the vehicle, the officers placed him in handcuffs.  Once the officers recognized Mr. Kern and knew him, he was searched and officers removed several keys from his person. Mr. Kern advised the officers that he had purchased the vehicle.  Mr. Kern was then placed under arrest for possession of a stolen vehicle. After placing Mr. Kern in the police vehicle, the officers then searched the Hyundai to secure it.  The Hyundai was then searched again prior to the tow truck arriving at the scene.

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 2

The vehicle was searched again at the police impound, and officers found several bags as well as a safe in the vehicle. As Mr. Kern was known to the officers, they requested a k-9 search of the vehicle. The K-9 search of the vehicle was done at the police impound lot. The dog did not alert on the presence of drugs when he was deployed to the vehicle.

Officers, in support of the warrant request, alleged that as there had been reports of theft at construction sites and that it was 3:00 am when Mr. Kern was pulled over in a stolen vehicle, and that they knew that Mr. Kern had been convicted of burglary in the past. The officers also speculated that there might be identification documents and other ownership documents in the vehicle. Based on this information a warrant was obtained.

During the search, officers located a safe in the back of the vehicle as well as a pump rifle. The officers opened the safe with the keys that were taken from Mr. Kern at the time of his arrest. In the safe, they found a handgun, digital scale, and narcotics as well as another locked bag. The officers did not have a warrant to open the safe. After locating these items, the officer sought an amended search warrant.

After the amended search warrant, the officers continued the search, as noted in the safe was a locked bag. Officers figured out the code to the bag and opened it. In the bag officers found additional controlled substances as well as U.S. currency.

Again, the officers did not have a warrant to open the locked bag. The officers found additional controlled substances in the front passenger area.

Mr. Kern was then charged in state court with weapons violations, controlled substance violations and possession of a stolen vehicle.

On July 21, 2022, Officer Klicker observed Mr. Kern walking between two vehicles on private property at 217 Prospect Ave., in Walla Walla. The officer was aware that Mr. Kern had a felony warrant outstanding. After confirming the warrant officers approached Mr. Kern and placed him under arrest and into a police vehicle. Officers then approached the Ford Mustang that was still running. As noted, the property was clearly private and had no trespass signs were clearly posted on the property. In examining the vehicle, officers observed a backpack as well as a black and silver case. The officer noted that the case was similar to the safe found on February 11, 2022.

At the scene, officers requested permission from the property owner to conduct a K-9 search of the vehicle on his property. The property owner denied consent. Based on this information as well as the fact that Mr. Kern had been charged with drug crimes in the past, the officers sought a warrant for entry onto the property and to conduct a K-9 search of the vehicle.

A K-9 search was conducted at the scene and the dog alerted to alleged narcotics. Officers then sought an amended search warrant and searched the vehicle.

The search of the vehicle occurred at the police impound. Officers located a grey backpack that had a semi-automatic handgun in it. They also found a large amount of narcotics in the backpack as well as a large amount of U.S. Currency. The officers then opened the silver case and found another handgun and ammunition. Officers did not have a search warrant to search the backpack or the silver case.

Mr. Kern maintains that there was insufficient probable cause to support the request for a search warrant for either vehicle. He also maintains that the search of several locked containers in the vehicle on February 11, 2022, as well as the backpack and silver case on July 21, 2022, were in violation of the law. Mr. Kern further maintains that the warrants contained material misrepresentations and or omissions that made the warrants defective. Mr. Kern would further request an evidentiary hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978) and *United States v. Ippolito,* 774 F.2d 1482 (9th Cir. 1985)  This request is based on the files herein and the attached Memorandum of Law and attachments.

## II.  ARGUMENT

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated an no warrants shall issue, but upon probable cause, supported by oath and affirmation, an particularly describing the place and the persons or things to be searched.

United States Constitution, Amend. IV. Evidence obtained as a result of searches conducted under the authority of warrants lacking in probable cause are excluded in the prosecution's case in chief. *Weeks v. United States*, 232 U.S. 383 (1914); *Murray v. United States*, 487 U.S. 533 (1988)(The exclusionary rule prohibits introduction into evidence of tangible material seized during an unlawful search ... and of testimony concerning knowledge acquired during an unlawful search.)  The "good faith" exception to the traditional application of the exclusionary rule endorsed by the Supreme Court in *United States v. Leon*, is inapplicable here. This is so because the affidavit was utterly lacking in probable cause and further, the affidavit failed to include material information because of the affiant's misstatements or omissions which were either deliberately or recklessly made. *United States v. Leon*, 468 U.S. 897 (1984); *Franks v. Delaware*, 438 U.S. 154 (1978).

    A.    THE FEBRUARY STOP WAS IN VIOLATION OF THE LAW.

*Rodriguez v. United States* held that "[a]n officer . . . may conduct certain unrelated checks during an otherwise lawful traffic stop. But . . . he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." 135 S. Ct. 1609, 1615 (2015).  See also *United States v. Landros,* 913 F.3d 862 (9th Cir. 2019)

In *Rodriguez,* the Supreme Court vacated the judgment on the basis that law enforcement may not extend a traffic stop with tasks unrelated to the traffic mission,

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 6

absent independent reasonable suspicion. *Rodriguez,* 135 S.Ct. at 1616-17. In reaching this conclusion, the Court made clear that it would not have mattered if the police officer conducted the dog sniff test before, rather than after, he issued the warning. What mattered was the added time, not at what point, in the chronology of the stop, that time was added. *Id.*

In *United States v. Evans,* 786 F.3d 779,(9th Cir. 2015) published a month after *Rodriguez,* The court held that law enforcement impermissibly extended a traffic stop by running an ex-felon registration check unrelated to traffic safety and unsupported by separate reasonable suspicion. *Id.* "That the ex-felon registration check occurred before ... the officer issued a ticket [stemming from the initial traffic violation] is immaterial," we explained. *Id.* (brackets, citation, and internal quotation marks omitted). "[R]ather, the critical question is whether the check prolongs — *i.e.,* adds time to — the stop." *Id.*  See also, *United States v. Landros,* 913 F.3d 862, 867 (9th Cir. 2019)

Mr. Kern maintains that the stop was impermissible and exceeded the time necessary to handle the matter.  First, Mr. Kern maintains there was no probable cause to perform a check of the vehicle registration as the vehicle had not violated the law.  Second, after the officer ran the plates and was informed that the vehicle was stolen, the purpose of the stop was to stop the vehicle and determine if it was stolen.  When the officer stopped the vehicle and then removed Mr. Kern from the

vehicle and arrested him, there was no further need to conduct a search. Therefore, the continued search of the vehicle was in violation of the law.

### B. THERE WERE INSUFFICENT FACTS TO SUPPORT PROBABLE CAUSE FOR THE SEARCH WARRANT FOR EITHER VEHICLE.

A judge's determination of probable cause is not reviewed de novo but is afforded great deference. *Illinois v. Gates*, 462 U.S. 213, 236, *reh'g denied*, 463 U.S. 1237 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969); *United States v. Alexander*, 761 F.2d 1294, 1300 (9th Cir. 1985). "In close cases the Court should give preference to the validity of the search warrant." *United States v. Holzman*, 871 F.2d 1496, 1511 (9th Cir. 1989).

"However, the magistrate [judge] must have a substantial basis" for determining that probable cause exists. *United States v. Ramos,* 923 F.2d 1346, 1351, n. 9 (9th Cir. 1991); *United States v. Holzman*, 871 F.2d 1496, 1511 (9th Cir.1989). Stated differently, a magistrate must have a substantial basis for concluding that the "property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." *United States v. Hendricks*, 743 F.2d 653, 654 (9th Cir. 1984); See also, *Illinois v. Gates*, 462 U.S. 213, 239 (1983)("An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and wholly conclusory statement[s] fail to meet this requirement sufficient information must be presented to the magistrate to allow that official to

determine probable cause; his actions cannot be a mere ratification of the bare conclusions of others.")

A warrant's validity is tested for probable cause based on the information available to the officers preparing the affidavit and warrant. *Maryland v. Garrison*, 480 U.S. 79, 85 (1987)("the validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and disclose, to the issuing Magistrate [judge].")

The warrant applicant's knowledge is tested under the totality of the circumstances. *Illinois v. Gates*, 462 U.S. at 238. All facts to support a finding of probable cause to issue a warrant "must be contained within the four corners of the affidavit given under oath." *United States v. Stanert*, 762 F.2d 775, 778, <u>amended in nonrelevant part and reh'g denied</u>, 769 F.2d 1410 (9th Cir. 1985).

In reviewing the affadavits in suppport of the warrants, they are full of conclusionary language and lack any facts sufficent to establish probable cause.

As for the February 2022 search, the officers determined that the vechicle was stolen, and Mr. Kern was arrested for that crime. There was no need to conduct a further search of the vehcle. As for the allegation that the nail gun in front seat supported probable cause, there is nothing that links the nail gun to being stolen or a theft. Additionally, it was mere speculation that the officers would locate identification documets or false documents as indicated in the warrant affadavit. The

warrant lack particularity regarding what the officers were searching for in relation to a crime. As such the warrant was invalid.

As to the July 2022 search, again the officers did not have probable cause to seek a search warrant. On July 21, 2022, officers observed Mr. Kern and arrested him on an outstanding warrant. After securing him in the back of a patrol car, the officers asked the property owner for consent to enter the property and seek a K-9 search. The owner of the property denied consent. The officers then sought the warrant. They based the warrant request on observing a backpack in the vehicle with drug paraphanlia in it. It is not described in the warrant how the offficers oberved these items without entering the vehicle. Additionally, officers concluded that due to Mr. Kernn having brass knuckles, this also established the need to search the vehicle. These facts did not support the speculation that a drug crime was somehow involved or occurred prior to the K-9 search. After the K-9 alerated, the officers towed the vehicle to the police impound.

At the police impound, officers secured another warrant and serached the vehicle. They opened the silver container and located a wepon. They also opened a backpack and found narcotics and a weapon. There were no facts sufficent to support the warrant. The fact that the silver box was similar to the safe from the July 2022 search was not sufficent.

These statements by the officer were mere conclusions and speculations that Mr. Kern was engaged in criminal activity. There are no facts that support these conclusions. Thus, the warrants lacked probable cause.

Clearly, given the facts of the searchs, there were insufficient facts to support a finding of probable cause. Therefore, the evidence seized must be suppressed.

### C. THERE WERE MISREPRESENTAIONS ANDS OMMISSIONS THAT WERE PURPOSEFULLY OR RECKLESSLY MISLEADING THUS INVALIDATING THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT FOR BOTH VEHICLES.

The inquiry of a warrant applicant is "whether a reasonably well-trained officer in [the applicant]'s position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. If such was not the case, the officer's application for a warrant was not objectively reasonable..." *Malley v. Briggs,* 475 U.S. 335, 345 (1986). [S]uppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926, reh'g denied, 468 U.S. 1250 (1984). In this case, the warrant applicant was either purposefully or recklessly misleading regarding the facts that supported probable cause.

To prevail on a claim that the police procured a warrant through deception, the party challenging the warrant must show that the affiant deliberately or recklessly made false statements or omissions that were material to the finding of probable

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 11

cause. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009). Our evaluation of materiality requires that we consider the effect of any false statements or omissions. " If an officer submitted false statements, the court purges those statements and determines whether what is left justifies issuance of the warrant." *Id*. at 1224. " If the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause." *Id*. " If probable cause remains after amendment, then no constitutional error has occurred." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011).

      Mr. Kern maintains that there are numerous omissions and misstatements in the warrant request. In the search warrant on July 21, 2022, there is no mention that the property owner denied consent to search the vehicle. Additionally, officers did not identify what the arrest warrant was for in arresting Mr. Kern.

      As for the February search of the vehicle, the officer states he believes there will be narcotics in the vehicle, he does not state why he believes there would be drugs in the vehicle. The officer states in the affidavit that he was investigating possession of a stolen vehicle, not investigation of drug trafficking. Additionally, he states that there were thefts at construction sites, however he does not give dates or locations of these construction sites.

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 12

These omissions and misstatements were used to mislead the Judge in the issuance of the warrants for the search of the vehicles and thus the search and evidence seized were in violation of the law.

D. OFFICERS SEARCH OF THE LOCKED AND CLOSED CONTAINERS IN THE VEHICLES WAS IN VIOLATION OF THE LAW

As noted herein, in both the February and July searches of the vehicles, officers unlocked closed containers. At the time that they searched the containers they did not have a search warrant, nor did they have consent.

Mr. Kern maintains that the officers were required to get a search warrant for the locked items and backpack in the vehicles. A defendant's expectation of privacy in the closed, opaque containers raises a duty to seek a search warrant from a neutral judge or magistrate. *See United States v. Chadwick,* 432 U.S. 1 (1977); *Texas v. Brown*, 460 U.S. 730, 750, 75 L. Ed. 2d 502, 103 S. Ct. 1535 (1983) (Stevens, J., concurring). *United States v. Jacobsen*, 466 U.S. 109, 104 S. Ct. 1652, 1656, 80 L. Ed. 2d 85 (1984) ( agents must obtain warrant before examining contents of package even though they may lawfully seize it to prevent its loss or destruction); *United States v. Licata*, 761 F.2d 537, 544 (9th Cir. 1985) (same). *See generally Sequra v. United States*, 468 U.S. 796, 104 S. Ct. 3380, 3387, 82 L. Ed. 2d 599 (1984) (discussing different interests implicated by searches and seizures).

Here there is no indication that the officers sought a search warrant when they opened the safe in the February 2022 search. In addition, they did not seek a search warrant in the July 2022 search for the backpack or the locked case in the vehicle. Nor is there any indication that they sought consent to search any of these items. Therefore, the search of the locked boxes was in violation of the law and the evidence seized from it must be excluded.

Finally, as the February 2022 search was a violation of the law, and information from that search was used in the July 2022 search warrant, therefore, all of the evidence seized from the July 22 search is inadmissible. Evidence deriving from an illegal investigation is generally considered tainted by the illegality and thus inadmissible, notwithstanding the suspect's consent, unless subsequent events have purged the taint. *Wong Sun v. United States,* 371 U.S. 471, 491, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); *United States v. Morales*, 972 F.2d 1007, 1010 (9th Cir. 1992). *United States v. Bradley*, 219 F. Supp. 2d 1150, 1156 (D. Or. 2002)  The Motion should be granted.

//

//

//

//

### III.  CONCLUSION

The defendant respectfully requests that the court suppress all evidence obtained as a result of the searches conducted pursuant to the warrants issued in this case. Alternatively, the defendant requests that the Court conduct a hearing on this motion to suppress pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978).

Dated this 29th day of June 2023.

        Respectfully Submitted,

        *S/Nicholas Marchi*
        CARNEY & MARCHI

## CERTIFICATE OF SERVICE

I certify that a copy of the Motion and Memorandum RE: Suppression of Evidence was e-mailed via ECF on 6/29/2023, to S. Van Marter, Assistant United States Attorney, 402 E. Yakima, Suite 210, Yakima, WA 98901.

*S/ Nicholas Marchi*
CARNEY & MARCHI, P.S.
Attorneys for Defendant