Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brandon L. Pang
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 2 2 2024

SEAN F. McAVOY, CLERK
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

  Plaintiff,

v.

REX MICHAEL KERN, JR.,

  Defendant.

Case No.: 4:22-CR-06038-MKD-1

Plea Agreement

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Brandon L. Pang, Assistant United States Attorney for the Eastern District of Washington, and Defendant Rex Michael Kern ("Defendant"), both individually and by and through Defendant's counsel, Mr. Scott Johnson and Mr. Mitchell Crook, agree to the following Plea Agreement.

1.  <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to Counts 1, 2, 4, and 6 of the Second Superseding Indictment, which was filed on July 19, 2023.

Counts 1 and 4 charge Defendant with Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, a Schedule II controlled

PLEA AGREEMENT - 1

substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), each is a class A felony.

Defendant understands that for Counts 1 and 4, the following potential penalties apply:

    a. a term of imprisonment of not less than 10 years and up to a lifetime;

    b. a term of supervised release of not less than 5 years and up to a lifetime;

    c. a fine of up to $10,000,000;

    d. denial of federal benefits as set forth herein; and

    e. a $100 special penalty assessment.

Count 2 charges Defendant with being a Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), a Class C felony. Defendant understands that for Count 2, the following potential penalties apply:

    a. a term of imprisonment of up to 10 years;

    b. a term of supervised release of up to 3 years;

    c. a fine of up to $250,000; and

    d. a $100 special penalty assessment.

Count 6 charges Defendant with being a Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8)[1], a Class C felony. Defendant understands that for Count 6, the following potential penalties apply:

    a. a term of imprisonment of up to 15 years;

    b. a term of supervised release of up to 3 years;

    c. a fine of up to $250,000; and

---

[1] The Defendant acknowledges that while the conduct related to Count 2 (occurring on February 11, 2022) and Count 6 (occurring on July 21, 2022) is generally similar, a statutory change to the associated penalties took effect on June 25, 2022, and thereby increased the potential penalty related to Count 6. *See* BIPARTISAN SAFER COMMUNITIES ACT, PL 117-159, June 25, 2022, 136 Stat 1313, 1329.

PLEA AGREEMENT - 2

        d.    a $100 special penalty assessment.

  2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

        a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

        b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

        c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

  3.    <u>Denial of Federal Benefits</u>

Defendant understands that by entering pleas of guilty to Counts 1 and 4, Defendant is no longer eligible for assistance under any state program funded under part A of Title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

PLEA AGREEMENT - 3

4. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a. sentencing is a matter solely within the discretion of the Court;

    b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a. pleading guilty in this case may have immigration consequences;

    b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

PLEA AGREEMENT - 4

  c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

  d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, he is knowingly and voluntarily waiving certain constitutional rights, including the following:

  a. the right to a jury trial;

  b. the right to see, hear and question the witnesses;

  c. the right to remain silent at trial;

  d. the right to testify at trial; and

  e. the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7. <u>Elements of the Offenses</u>

  a. *Counts 1 and 4:*

The United States and Defendant agree that in order to convict Defendant of Counts 1 and 4, Possession with the Intent to Distribute 50 Grams or More of

PLEA AGREEMENT - 5

Actual (Pure) Methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), the United States would have to prove the following elements beyond a reasonable doubt:

> *First*, on or about February 11, 2022 (Count 1) and July 21, 2022 (Count 4), in the Eastern District of Washington, Defendant knowingly possessed a mixture or substance containing methamphetamine;
>
> *Second*, on each date Defendant possessed the methamphetamine with the intent to deliver it to another person; and
>
> *Third*, on each date the quantity of actual (pure) methamphetamine that Defendant possessed with the intent to deliver was 50 grams or more.

  b. *Counts 2 and 6:*

The United States and Defendant agree that in order to convict Defendant of Counts 2 and 6, Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 2) and 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Count 6), the United States would have to prove the following elements beyond a reasonable doubt:

> *First*, on or about February 11, 2022 (Count 2) and July 21, 2022 (Count 6), in the Eastern District of Washington, Defendant knowingly possessed two firearms in and affecting commerce, to wit:
> - (Count 2) a Taurus, Model PT-709 Slim, 9mm caliber pistol, bearing serial number TJZ21126;
> - (Count 2) a Winchester, Model 61, .22 caliber rifle, bearing serial number 213864;
> - (Count 6) a Masterpiece Arms, Model MPA 11, 9MM caliber pistol, bearing serial number B11373; and
> - (Count 6) a Polymer 80 Model, 9mm caliber pistol bearing

PLEA AGREEMENT - 6

1  no serial number and the identifying marks "Patmos P80";
2  *Second*, those firearms had been transported in interstate or foreign commerce;
3  *Third*, at the time Defendant possessed those firearms, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and
4  *Fourth*, at the time Defendant possessed those firearms, Defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

8. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

*Defendant's Conduct in February 2022*

On February 11, 2022, shortly after 3:00 a.m., a Walla Walla Police Department ("WWPD") officer conducted a traffic stop of white Hyundai hatchback in Walla Walla, WA, within the Eastern District of Washington. Defendant, who was driving, was the only occupant. The Hyundai had been reported stolen out of Spokane a couple of weeks prior.

Defendant was arrested and searched incident to arrest. Officers recovered a keychain containing a key to a Sentry Safe, which was located in the Hyundai. WWPD obtained a number of state search warrants and recovered from the Hyundai the following: an unloaded Winchester Model 61, .22 caliber rifle bearing serial number 213864 (with Defendant's fingerprints on it); a loaded Taurus Model

PLEA AGREEMENT - 7

PT-709 Slim, 9mm caliber pistol bearing serial number TJZ21126 in a holster; two functioning digital scales containing residue that field-tested positive for cocaine (the first scale) and methamphetamine (the second scale); and a black zippered pouch containing approximately $2,700 in cash.

From the Hyundai, officers also recovered methamphetamine, cocaine, and approximately 240 grams of marijuana. The methamphetamine and cocaine were sent to the Drug Enforcement Administration ("DEA") Laboratory for testing. The DEA Laboratory determined the methamphetamine contained 436.6 grams of actual (pure) methamphetamine and 8.695 grams of cocaine (respectively).

Defendant acknowledges that he knowingly possessed all of the cash and controlled substances in the Hyundai, that the methamphetamine contained more than 50 grams of actual (pure) methamphetamine, and that he knowingly possessed the methamphetamine with the intent to deliver it to another person.

Defendant also acknowledges that on February 11, 2022, he was a prohibited person and knew he was a prohibited person having served more than one year in custody on a prior criminal conviction. Defendant acknowledges that he knowingly possessed both firearms recovered from the Hyundai, and that they were both dangerous weapons for purposes of the United States Sentencing Guidelines.

*Defendant's Conduct in July 2022*

On July 21, 2022, WWPD officers saw Defendant going in and out of two cars which were located in a driveway at a residence in Walla Walla, WA, within the Eastern District of Washington. Officers arrested Defendant for an unrelated felony warrant for Attempt to Elude a Police Vehicle, arising out of Walla Walla Superior Court. During a search incident to arrest, WWPD located a cell phone, marijuana, a suspected methamphetamine pipe, and brass knuckles found on Defendant's person.

In plain view in one of the vehicles Defendant was observed accessing before his arrest, a Ford Mustang, WWPD noted marijuana, marijuana pipes, and a lockbox being inside the car. WWPD obtained and executed a state search warrant for a drug dog-sniff on the exterior of the vehicle, and the dog alerted to the odor of drugs from the vehicle.

WPPD obtained and executed a series of additional search warrants for the vehicle and its contents. Inside the vehicle, WWPD located a cell phone, a Masterpiece Arms Model MPA 11 9mm caliber pistol bearing serial number B11373 (with Defendant's fingerprints on it), a Polymer 80 Model 9mm caliber pistol bearing no serial number, ammunition, firearm magazines, approximately $3,927 in cash, methamphetamine, fentanyl pills, and 32.57 grams of marijuana.

The methamphetamine was sent to the DEA Laboratory and was determined to contain approximately 262.6 grams of actual (pure) methamphetamine. The fentanyl pills were sent to the Washington State Patrol Crime Laboratory, and determined to be approximately 638 pills containing fentanyl, weighing approximately 70.16 grams.

WWPD also obtained and executed federal search warrants for the two cell phones recovered, one from Defendant's person and one from the vehicle. Each cell phone contained indicia of Defendant's ownership and/or use; the device ID for one was "Rex's iPhone" and each phone listed "Rexkern36@gmail.com" as its Apple ID. One of the cell phones contained messages that consisted of negotiating drug transactions, and both cell phones contained numerous photographs of suspected blue Fentanyl pills that were consistent with the fentanyl pills recovered from the Mustang.

Defendant acknowledges that he knowingly possessed all of the cash and controlled substances in the Mustang, that the methamphetamine contained more than 50 grams of actual (pure) methamphetamine, and that he knowingly possessed the methamphetamine with the intent to deliver it to another person.

PLEA AGREEMENT - 9

1    Defendant also acknowledges that on February 11, 2022, he was a prohibited person and knew he was a prohibited person having served more than one year in custody on a prior criminal conviction. Defendant acknowledges that he knowingly possessed both firearms recovered from the Hyundai, and that they were both dangerous weapons for purposes of the United States Sentencing Guidelines.

Finally, Defendant acknowledges and agrees that an Interstate Nexus investigation was conducted with respect to each of the four firearms above. Defendant stipulates and agrees with the findings of that investigation which revealed that none of the firearms were manufactured within the State of Washington and therefore had necessarily been transported in interstate or foreign commerce.

9. <u>The United States Agrees</u>:

   a. *Dismissal of Remaining Counts*:

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss the remaining counts of the Second Superseding Indictment, which was filed on filed on July 19, 2023.

   b. *No Additional Charges*:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

   c. *No Penalty Enhancement Pursuant to 21 U.S.C. § 851*:

The United States agrees not to file an enhanced penalty information to establish any of Defendant's prior drug convictions pursuant to 21 U.S.C. § 851. Specifically, the United States agrees not to file a § 851 enhancement based on

PLEA AGREEMENT - 10

Defendant's 2020 conviction for Possession With Intent to Distribute Methamphetamine, in Walla Walla County Superior Court, case #20-1-00443-36.

10. <u>United States Sentencing Guidelines Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. As set forth below, the United States and Defendant agree to certain Guidelines calculations, and dispute others.

    a.    *Count 1 and Count 4:*

The United States agrees the advisory guideline calculation for Count 1 and Count 4 are the same. Defendant acknowledges he will likely qualify as a "Career Offender" pursuant to USSG §4B1.1(a), and therefore his Base Offense Level would automatically be 37. *See* USSG §4B1.1(b)(1). In the event Defendant does not qualify as a "Career Offender", the parties recommend the Court calculate the advisory guidelines as follows:

    1)    <u>Base Offense Level</u>:

The United States and Defendant stipulate and agree to recommend to the Court that the Base Offense Level is 34 based on the Defendant's relevant conduct as he possessed with intent to distribute at least 10,000 kilograms, but less than 30,000 kilograms, of Converted Drug Weight. *See* USSG §2D1.1(a)(5), (c)(3); USSG §1B1.3(a).[2]

    2)    <u>Specific Offense Characteristics</u>:

The United States and Defendant stipulate and agree to recommend to the Court that a 2-level enhancement applies as Defendant possessed multiple firearms in connection the offenses. *See* USSG § 2D1.1(b)(1).

---

[2] The parties agree to recommend the use of the Drug Conversion Table due to the multiple types of controlled substances seized. *See* USSG §2D1.1 note 8(D).

PLEA AGREEMENT - 11

As Defendant possessed firearms, the United States and Defendant agree that he is not eligible for "safety valve" provisions of 18 U.S.C. § 3553(f) or USSG § 5C1.2.

      b.    *Count 2 and Count 6*:

The United States agrees the advisory guideline calculation for Count 2 and Count 6 are the same.

      1.    <u>Base Offense Level</u>:

The United States and Defendant have no agreement with respect to the applicable Base Offense Level. The United States will recommend Defendant's Base Offense Level is 24, as he had previously sustained at least two felony convictions for controlled substance offenses.[3]

Defendant is free to recommend any Base Offense Level Defendant believes is appropriate.

      2.    <u>Specific Offense Characteristics</u>:

The United States and Defendant have no agreement with respect to the applicable specific offense characteristics. The United States will recommend a 2-level enhancement as Defendant possessed four firearms in connection with the offenses. *See* U.S.S.G. § 2K2.1(b)(1)(A). The United States will also recommend a 4-level enhancement as Defendant possessed the firearms in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B).

Defendant is free to recommend whatever specific offense characteristics he deems appropriate.

      c.    *Role Adjustment*

---

[3] At least one of the firearms was capable of accepting a large capacity magazine. The United States reserves the right to argue a Base Offense Level based on this fact as well, should the Court not find Defendant's prior convictions apply in this context.

PLEA AGREEMENT - 12

The United States and Defendant agree that no role adjustment applies as to any count.

    d.    *Acceptance of Responsibility*

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) if Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.    provides complete and accurate information during the sentencing process; and

    v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    e.    *No Other Agreements*

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including that Defendant's criminal history is understated, and arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and all of Defendant's relevant conduct, as determined by the United States.

PLEA AGREEMENT - 13

  f. *Criminal History*

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

Defendant acknowledges he may be deemed a "Career Offender" pursuant to USSG §4B1.1(a), and therefore his Criminal History Category would automatically be VI. *See* USSG §4B1.1(b).

  11. <u>Length of Incarceration</u>

The United States will recommend a sentence no higher than 240 months.

Defendant may recommend a sentence as low as 180 months. Defendant understands that the Court may not impose a sentence lower than 120 months (10 years), because of the mandatory minimums applicable to Counts 1 and 4.

  12. <u>Supervised Release</u>

The United States and Defendant each agree to recommend 5 years of Supervised Release. Defendant agrees that the Court's decisions regarding the conditions of Supervised Release are final and non-appealable; even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw his plea, withdraw from this Plea Agreement, or appeal his conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

  a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

PLEA AGREEMENT - 14

        b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

13. <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. <u>Judicial Forfeiture</u>

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

- $2,700.00 U.S. currency;
- $3,927.00 U.S. currency;
- a Taurus, Model PT-709 Slim, 9mm pistol, bearing serial number TJZ21126;
- a Winchester, Model 61, .22 caliber rifle, bearing serial number 213864.
- a Masterpiece Arms, Model MPA 11, 9mm caliber pistol, bearing serial number B11373; and,
- a Polymer 80 Model, 9mm caliber pistol bearing no serial number and the identifying marks "Patmos P80".

Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 18 U.S.C. § 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) as property involved or used in the commissions of the offenses to which Defendant is pleading guilty; and/or pursuant to 21 U.S.C. § 853 as property representing proceeds and/or as property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense(s) to which Defendant is pleading guilty.

PLEA AGREEMENT - 15

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding and to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture. Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

15. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $400 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. 18 U.S.C. § 3013.

16. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of

PLEA AGREEMENT - 16

sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

18. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court. Defendant expressly waives his right to appeal his conviction and sentence. Defendant also expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction on any count be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another

PLEA AGREEMENT - 17

charging instrument, or were not charged because of this Plea Agreement; and

  d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

//

//

//

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____        2/20/24
Brandon L. Pang                         Date
Assistant United States Attorney


I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____        2-20-24
Rex Michael Kern, Jr.                   Date
Defendant


I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's

PLEA AGREEMENT - 19

decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    2/20/2024
Scott Johnson                                    Date
Mitchell Crook
Attorneys for Defendant

PLEA AGREEMENT - 20