SCOTT W. JOHNSON
MITCHELL K. CROOK
JOHNSON & ORR, P.S.
1038 JADWIN AVE.
RICHLAND, WA 99352
Telephone: (509) 579-0080
Attorneys for Defendant
REX MICHAEL KERN, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. 4:22CR06038-MKD-1 |
|---|---|
| Plaintiff, | DEFENDANT'S OBJECTIONS TO PRE-SENTENCE REPORT (ECF 107) |
| VS. | |
| REX MICHAEL JERN, JR., | |
| Defendant. | |

TO:   UNITED STATES DISTRICT COURT CLERK
TO:   BRANDON PANG, ASST. UNITED STATES ATTORNEY

**COMES NOW** REX MICHAEL KERN, JR., by and through his attorney, Scott W. Johnson, of Johnson & Orr, PLLC, hereby files the following objections to ECF 107 the Pre-Sentence Report (hereinafter "PSR"):

**1. Adjustment for Acceptance of Responsibility (PSR, page 9, paragraph 35).**

The PSR indicates that Mr. Kern's actions were motivated by financial gain, as well as to support his own drug habit. Mr. Kern maintains that his actions were motivated by financial gain *to* support his own drug habit.

\\\

\\\

OBJECTIONS TO PSR                                                  1

**2. Juvenile Adjudication(s) (PSR, page 11, paragraph 55).**

The PSR indicates that Mr. Kern was sanctioned to 30 days detention on June 7, 2002. Mr. Kern maintains that he was not sanctioned to 30 days detention on any juvenile matter. Mr. Kern only spent one day in detention on two separate occasions as a juvenile.

**3. Juvenile Adjudication(s) (PSR, page 11, paragraph 56).**

The PSR indicates that Mr. Kern was approached by loss prevention after stealing two packages of cigarettes. Once confronted, Mr. Kern denied having anything and attempted to flee. Loss prevention subsequently grabbed him, and Mr. Kern swung and struck the officer in the head with a 12-pack of pop.

Mr. Kern maintains that loss prevention never approached him while he was leaving the store. Instead, without identifying himself or giving him notice, the loss prevention personnel grabbed Mr. Kern from behind by the throat and slammed him to the ground. After Mr. Kern was on the ground, Mr. Kern screamed for help. Once Mr. Kern's friend and friend's mother arrived to help, the loss prevention personnel identified himself. Mr. Kern did not attempt to flee after being confronted nor intentionally swung a 12-pack of pop at the loss prevention personnel's head. Mr. Kern complied after the loss prevention personnel identified himself.

\\\

**4. Adult Criminal Conviction(s) (PSR, page 13, paragraph 70)**

To contribute to the PSR's record, Mr. Kern maintains that count one, possession of methamphetamine, in case #08-1-00018-1, was an unconstitutional conviction pursuant to the Washington Supreme Court's holding in *State v. Blake* and should not reflect an adjudication of guilt in the PSR.

In *State v. Blake*, the Supreme Court of Washington held that simple drug possession convictions based on a standard of strict liability violated the due process clauses of the state and federal constitutions. *State v. Blake*, 481 P.3d 521 (2021) *Id.* at 534. Consequently, such convictions were deemed unconstitutional and, thus, vacatable. *Id.*

Mr. Kern's adjudication of guilt for count one, possession of methamphetamine, was a simple drug possession conviction based on a standard of strict liability. Such adjudication of guilt was unconstitutional and is vacatable under Washington law.

**5. Adult Criminal Conviction(s) (PSR, page 14, paragraph 78)**

To contribute to the PSR's record, Mr. Kern maintains the sole count of possession of methamphetamine in #09-1-00112-7 was an unconstitutional conviction pursuant to the Washington Supreme Court's holding in *State v. Blake* and should not reflect an adjudication of guilt in the PSR.

In *State v. Blake*, the Supreme Court of Washington held that simple drug possession convictions based on a standard of strict liability violated the due process clauses of the state and federal constitutions. *State v. Blake*, 481 P.3d 521 (2021) *Id.* at 534. Consequently, such convictions were deemed unconstitutional and, thus, vacatable. *Id.*

Mr. Kern's adjudication of the sole count of possession of methamphetamine was a simple drug possession conviction based on a standard of strict liability. Such adjudication of guilt was unconstitutional and is vacatable under Washington law.

**6. Adult Criminal Conviction(s) (PSR, page 14, paragraph 83)**

To contribute to the PSR's record, Mr. Kern maintains that the sole count of possession of marijuana less than or equal to forty grams in case #C00321867 was an unconstitutional conviction pursuant to the Washington Supreme Court's holding in *State v. Blake* and should not reflect an adjudication of guilt in the PSR.

In *State v. Blake*, the Supreme Court of Washington held that simple drug possession convictions based on a standard of strict liability violated the due process clauses of the state and federal constitutions. *State v. Blake*, 481 P.3d 521 (2021) *Id.* at 534. Consequently, such convictions were deemed unconstitutional and, thus, vacatable. *Id.*

Mr. Kern's adjudication of the sole count of possession of marijuana less than or equal to forty grams was a simple drug possession conviction based on a standard of strict liability. Such adjudication of guilt was unconstitutional and is vacatable under Washington law.

**7. Adult Criminal Conviction(s) (PSR, page 14, paragraph 86)**

To contribute to the PSR's record, Mr. Kern maintains that the sole count of possession of marijuana less than or equal to forty grams in case #1Z0071653 was an unconstitutional conviction pursuant to the Washington Supreme Court's holding in *State v. Blake* and should not reflect an adjudication of guilt in the PSR.

In *State v. Blake*, the Supreme Court of Washington held that simple drug possession convictions based on a standard of strict liability violated the due process clauses of the state and federal constitutions. *State v. Blake*, 481 P.3d 521 (2021) *Id.* at 534. Consequently, such convictions were deemed unconstitutional and, thus, vacatable. *Id.*

Mr. Kern's adjudication of the sole count of possession of marijuana less than or equal to forty grams was a simple drug possession conviction based on a standard of strict liability. Such adjudication of guilt was unconstitutional and is vacatable under Washington law.

\\\

8. **Adult Criminal Conviction(s) (PSR, page 15, paragraph 97)**

The PSR indicates that an unidentified individual threatened to kill Mr. Gassaway if he did not let him leave. A phone was dropped as the unidentified individual ran away with two others. When Officers called a number listed as "Ma" in the phone, a female answered and stated the phone they were calling from belonged to Mr. Kern.

Mr. Kern maintains that he did not threaten to kill anyone, nor was he aware a threat to kill was made during the event. Mr. Kern did not have possession of his phone at the time of the event, as he had loaned his phone to another individual.

9. **Adult Criminal Conviction(s) (PSR, page 16, paragraph 103)**

The PSR indicates that Mr. Kern began his term of supervision on January 27, 2012, and his case was closed on March 8, 2012. Mr. Kern maintains those dates are inaccurate, as he was sentenced to 18 months of probation (*See* PSR, page 16, paragraph 99), and the time frame outlined in the PSR is less than two months.

10. **Adult Criminal Conviction(s) (PSR, pages 16-17, paragraph 108)**

The PSR indicates that Mr. Kern's conviction for possession of methamphetamine in case #CR-2012-591 counts as 3 criminal history points. Mr. Kern maintains that his conviction for possession of methamphetamine in case #CR-

2012-591 should count as 2 criminal history points, as his sentence exceeded 60 days but did not exceed one year and a month.

The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed. USSG §4A1.2(k)(1). If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended. *Id.* at §4A1.2(k)(2).

Mr. Kern was arrested and charged on March 7, 2012, for possession of methamphetamine. On September 21, 2012, Mr. Kern was sentenced to 3 years in prison and placed on a Retained Jurisdiction sentencing option called the Cottonwood Rider Program ("Rider"). The Rider is a sentencing option wherein defendants can complete programming and undergo an evaluation to determine whether the defendant should have their sentence commuted and placed on probation. On March 1, 2013, after completing the Rider, Mr. Kern's sentence was suspended, and Mr. Kern was placed on 3 years probation, resulting in Mr. Kern serving more than 60 days on this offense but less than one year and one month.

Consequently, because Mr. Kern served more than 60 days, but less than one year and one month, of his prison sentence before it was suspended, this offense should count as 2 criminal history points.

\\\

11. **Adult Criminal Conviction(s) (PSR, page 18, paragraph 118)**

To contribute to the PSR's record, Mr. Kern maintains that count one, possession of methamphetamine, in case #14-1-00187-5, was an unconstitutional conviction pursuant to the Washington Supreme Court's holding in *State v. Blake* and should not reflect an adjudication of guilt in the PSR.

In *State v. Blake*, the Supreme Court of Washington held that simple drug possession convictions based on a standard of strict liability violated the due process clauses of the state and federal constitutions. *State v. Blake*, 481 P.3d 521 (2021) *Id.* at 534. Consequently, such convictions were deemed unconstitutional and, thus, vacatable. *Id.*

Mr. Kern's adjudication of guilt for count one, possession of methamphetamine, was a simple drug possession conviction based on a standard of strict liability. Such adjudication of guilt was unconstitutional and is vacatable under Washington law.

12. **Adult Criminal Conviction(s) (PSR, page 20, paragraph 140)**

The PSR indicates that Mr. Kern has a subtotal criminal history score of 14. Because Mr. Kern did not serve more than one year and one month on his conviction for possession of methamphetamine in case #CR-2012-591 (*see* Defendant's Objection to PSR No. 10), Mr. Kern Maintains that his subtotal criminal history score should be 13.

13. **Adult Criminal Conviction(s) (PSR, page 21, paragraph 144)**

To contribute to the PSR's record, Mr. Kern maintains that he did not steal anything from the vehicle.

14. **Adult Criminal Conviction(s) (PSR, page 22, paragraph 152)**

The PSR indicates that the most a person can purchase of pseudoephedrine was 3 grams in a 24-hour period. Mr. Kern maintains that the most a person can purchase of pseudoephedrine at the time of the offense was up to 3 grams per transaction. Mr. Kern bought 2.4 grams in two separate transactions. As such, he did not violate the law, and the case was dismissed.

15. **Adult Criminal Conviction(s) (PSR, page 22, paragraph 155)**

The PSR indicates that Mr. Kern failed to appear for a hearing, though no action was taken. To contribute to the PSR's record, Mr. Kern maintained contact with his attorney, who "noted the FTA" to toll Mr. Kern's speedy trial rights under Washington Criminal Rule 3.3(c)(2)(ii).

16. **Adult Criminal Conviction(s) (PSR, page 22, paragraph 158)**

The PSR indicates that Mr. Kern failed to appear for two hearings, though no action was taken. To contribute to the PSR's record, Mr. Kern maintained contact with his attorney, who "noted the FTA" to toll Mr. Kern's speedy trial rights under Washington Criminal Rule 3.3(c)(2)(ii).

17. **Adult Criminal Conviction(s) (PSR, page 22, paragraph 161)**

The PSR indicates that Mr. Kern failed to appear for a hearing, though no action was taken. To contribute to the PSR's record, Mr. Kern maintained contact with his attorney, who "noted the FTA" to toll Mr. Kern's speedy trial rights under Washington Criminal Rule 3.3(c)(2)(ii).

18. **Adult Criminal Conviction(s) (PSR, page 23, paragraph 166)**

To contribute to the PSR's record, Mr. Kern maintains that he failed to comply because he was in custody—it was not intentional.

19. **Adult Criminal Conviction(s) (PSR, page 24, paragraph 171)**

The PSR indicates that Mr. Kern failed to appear six times from October 23, 2019, through July 22, 2020. Mr. Kern maintains that he did not fail to appear in each instance. In some instances, Mr. Kern's attorney would "note the FTA" to toll Mr. Kern's speedy trial rights under Washington Criminal Rule 3.3(c)(2)(ii), even with Mr. Kern present in court.

20. **Adult Criminal Conviction(s) (PSR, page 24, paragraph 172)**

To contribute to the PSR's record, Mr. Kern maintains that the charges were dismissed because he was injured. Mr. Kern was neither driving under the influence of drugs/alcohol nor resisting arrest.

\\\

\\\

21. **Adult Criminal Conviction(s) (PSR, page 24, paragraph 173)**

The PSR indicates that Mr. Kern failed to appear six times from July 29, 2020, through February 28, 2022. Mr. Kern maintains that he did not fail to appear in each instance. In some instances, Mr. Kern's attorney would "note the FTA" to toll Mr. Kern's speedy trial rights under Washington Criminal Rule 3.3(c)(2)(ii), even with Mr. Kern present in court.

22. **Adult Criminal Conviction(s) (PSR, page 25, paragraph 180)**

The PSR indicates that Mr. Kern had outstanding warrants on September 3, 2020. Mr. Kern maintains that, while there was an outstanding warrant, there should not have been an outstanding warrant as Mr. Kern was no longer on probation for that matter on September 3, 2020. Although Mr. Kern was subsequently charged after being arrested on the faulty warrant, the search was deemed unlawful, and the case was dismissed.

23. **Adult Criminal Conviction(s) (PSR, page 26, paragraph 187)**

To contribute to the PSR's record, Mr. Kern maintains that he proved to the jury that he was not the individual suspected on May 1, 2022, as he had an alibi. Mr. Kern further proved that he was not the owner of the Ford Mustang, as he sold the car before May 1, 2022.

\\\

24. **Adult Criminal Conviction(s) (PSR, page 26, paragraph 188)**

   To contribute to the PSR's record, Mr. Kern maintains that he proved to the jury that he was not the individual suspected on July 6, 2022, as he had an alibi. Mr. Kern further proved that he was not the owner of the car in question, as he sold the car before May July 6, 2022.

25. **Adult Criminal Conviction(s) (PSR, pages 27-28, paragraph 196)**

   The PSR indicates that Ms. Danielle Nelson told Mr. Kern that "someone" told her that if she continued her relationship with him, her children would be taken from her. Mr. Kern maintains that he told Ms. Nelson that a prosecutor/officer told him that if Ms. Nelson continued her relationship with him, her children would be taken from her.

26. **Personal and Family Data (PSR, page 28, paragraph 198)**

   The PSR indicates that Mr. Kern returned to prison. Mr. Kern maintains that he was returned to jail, not prison.

27. **Mental and Emotional Health (PSR, page 29, paragraph 203)**

   The PSR indicates that Mr. Kern tried to talk to someone to receive help coping with his son's death without success. Mr. Kern maintains that he spoke to multiple people and treatment providers to receive help dealing with his son's death without success due to COVID-19. Specifically, Mr. Kern contacted Serenity Point

Counseling, Comprehensive Mental Health, Narcotics Anonymous, and the Suicide Prevention Hotline.

28. **Substance Abuse (PSR, page 29, paragraph 207)**

The PSR indicates that Mr. Kern began using marijuana at the age of 7 or 8. Mr. Kern maintains he was age 7 when he started using marijuana.

29. **Substance Abuse (PSR, page 29, paragraph 209)**

The PSR indicates that Mr. Kern started using marijuana and consuming alcohol with his father at age 17. The PSR further indicates that Mr. Kern started using methamphetamine with his mother in his 20s and 30s. Mr. Kern maintains he was age 13 when he began using marijuana and consuming alcohol with his father and age 15 when he started using methamphetamine with his mother.

30. **Substance Abuse (PSR, page 29, paragraph 210)**

The PSR indicates that Mr. Kern's longest period of sobriety was just over two years, from 2017 to a few months into 2019. Mr. Kern maintains that he was released from prison in 2018. Mr. Kern's longest period of sobriety was from 2018 to June 2020 (about 1 ½ years), until Mr. Kern suffered a severe injury to his lower back. Mr. Kern's sacrum became displaced, resulting in it becoming unaligned with the rest of his spinal cord.

\\\

31. **Educational, Vocational, and Special Skills (PSR, pages 30-31, paragraph 213)**

The PSR indicates that Mr. Kern received his general educational development ("GED") certificate through Walla Walla Community College. Mr. Kern maintains that he received his GED certificate through Spokane Falls Community College.

DATED this 6th day of May, 2024.

                        Respectfully submitted,

                        "s/Scott W. Johnson"
                        SCOTT W. JOHNSON #27839
                        MITCHELL K. CROOK #58352
                        Attorneys for Mr. Rex Michael Kern, Jr.

CERTIFICATE OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington, that on May 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and also emailed a copy to:

**BRANDON PANG**
**Assistant U.S. Attorney**
**825 Jadwin Ave Ste. G-60**
**Richland, WA 99352**.

DATED this 6th day of May, 2024.

                        "s/Scott W. Johnson"
                        SCOTT W. JOHNSON #27839
                        MITCHELL K. CROOK #58352
                        Attorneys for Mr. Rex Michael Kern, Jr.