---

SUBJECT: PAGE # 1
DATE: 04/25/2025 07:41:48 AM

REX MICHAEL KERN
# 2521-510
FCI TERRE HAUTE
P.O.BOX 33
Terre Haute, Indiana
47808

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 2 0 2025

SEAN F. McAVOY, CLERK
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

REX MICHAEL KERN,

    PETITIONER,

    V.                              CASE NO. (TBA)

UNITED STATES OF AMERICA,

    RESPONDENT.

---

MOTION FOR COLLATERAL RELIEF PURSUANT TO
28 U.S.C. SECTION 2255, AND
REQUEST FOR EVIDENTIARY HEARING PURSUANT TO
28 U.S.C. SECTION 2255(b)
MEMORANDUM OF LAW AND POINTS AND AUTHORITIES

---

COMES NOW, REX MICHAEL KERN,  a prisoner, acting pro se, under the terms and provisions of

28 U.S.C. Section 2255, as to a violation of Right(s) guaranteed by and through the Sixth Amendment of

the Constitution of the United States' right(s) to the " [effective] Assistance of Counsel, ' during and throughout

the pretrial, plea negotiations phase of the criminal action taken against him. '"

Thereto,  Petitioner respectfully requests that this Honorable Court exercise it's properly endowed discretion

and  VACATE his sentence and conviction, AND/OR ORDER  a hearing pursuant to 28 U.S.C. Section 2255(b), APPOINT

competent counsel, and ORDER the production of discovery.

Petitioner will make this presentment, hereinafter,  respectfully, to wit;

----------------------------------------------------------------------------------

SUBJECT: PAGE # 2
DATE: 04/26/2025 06:39:55 AM

CONTINUED FROM PAGE ONE

I. SUMMARY:

1

Petitioner, is before the Court as to a claim(s) of the violation of rights(s) guaranteed to the " effective -

assistance of counsel, ' during and throughout the plea negotiations phase of the criminal prosecution against

him '" in violation of the Sixth Amendment of the Constitution of the United States.

This that, upon the merging of two prosecution's for controlled substance and firearms offenses

stemming from " two separate incidents " to which both had seriously questionable search and seizure issues

under the Fourth Amendment.

Nevertheless, this federal prosecution ensued, where Petitioner was appointed Counselman, one

NICHOLAS MARCHI. Mr.  Marchi had received an initial offer of resolution of the matter from the government,

in exchange for his plea of guilt for 12 years.    Without conferring with Petitioner, Attorney Marchi did

reject this offer on his own, and later revealed the terms of the agreement to Petitioner while advising, not

to worry that, he was going to make for a suppression of the evidence, and would ultimately secure a

5 year sentence upon procession.

Thereafter, the government again offered the resolution of a 12 year sentence if Petitioner would not

move for suppression of the evidence in the case against him.   Attorney Marchi affirmatively advised

Petitioner, to reject the plea for the fact that, he was to have the evidence suppressed due to several violations

of the Fourth Amendment in searching and seizing the evidence leading to Petitioner's arrests and prosecution.

" Based on this advice, " Petitioner rejected the government's offer, respectively.  As promised, Mr. -

Marchi did move to suppress the evidence, however, was unprepared and ill-equipped, including unable to

adequately present the suppression process.

---

n. 1: Take Note that REX MICHAEL KERN, JR., is a prisoner, acting pro se, and will be referred to hereinafter
as " Petitioner " throughout this presentment, and thereto, requests that this Honorable Court afford his
pleading's liberal construction. SeeUnited States V. Seesing, 234 F. 3d 456, 462 (9th Cir. 2001), also
Erickson V. PArdus, 551 U.S. 89,94, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007)

---

SUBJECT: PAGE # 3
DATE: 04/24/2025 07:45:19 PM

CONTINUED FROM PAGE

Petitioner continuously sought to have Counselman produce the government' discovery in the case, which was never turned over antecedent to the suppression hearing and the presentments of plea agreement(s), also to have all of the necessary documents presented to the court to support the claim, which he did not.

In denying the motions, the court itself admonished Mr. Marchi in his failures and Petitioner claim(s) were inadequately litigated properly, and Petitioners positions were dissipated the same, including the two offers of 12 year plea agreements, that Petitioner did not knowingly and intelligently reject.

Petitioner moved the Court for subsequent Counselman as to the breakdown in the representation and relationship of Mr. Marchi. The Court did remove this attorney, and appointed successor counsel.

These counsel had revealed that, the plea agreements were no longer favorable and the prior attorney's failures were accounted to Petitioner. That the government was now offering 293 months in exchange for the guilty plea. Even in the event of acceptance of the final plea agreements, Petitioner believed that he reserved his right(S) to appeal the suppression motions, and acceptance of upon discovery that he did not, again had a breakdown in communication with these attorneys, respectfully.

Petitioner was ultimately sentenced to a custodial term of incarceration of 198 months, 180 months, and 120 months (concurrently), a far cry from the 144 months offered as a resolution of the matters initially offered and rejected by the Attorney Marchi, on two separate occasions. (54 months)

As Petitioner had a right to the effective assistance of counsel during and throughout the pre-trial, plea negotiations phase of the criminal prosecution as a whole, including the right to the effective advice in making the determination of whether to accept and reject, the government's offers, he also had the right to decide.

Counselman's acts in this action fell below and objective standard of reasonableness, and were prejudicial the highest degree, the rejection of a " more favorable plea agreement. " Therefore, Petitioner presents this motion for collateral relief as to the violation of the Sixth Amendment's right to the effective assistance of counsel, hereto forth with, respectfully.

--------------------------------------------------------------------------------

SUBJECT: PAGE # 4
DATE: 04/24/2025 07:45:52 PM

CONTINUED FROM THREE

II.  FACTUAL BASIS IN SUPPORT OF MOTION FOR COLLATERAL RELIEF UDNER 28 U.S.C. SECTION 2255:

LET ALL PARTIES TAKE NOTICE, THAT, THE FACTS AND CONTENTIONS PRESENTED HEREIN ARE MADE

BASED UPON THE DECLARATION/AFFIDAVIT IN SUPPORT AT EXHIBIT-A, AND THE RECORD AND FILES OF

THE CASE AS A WHOLE.  This for the establishment of  the violation of the Sixth Amendment Right(s) to the

"[effective] Assistance of counsel durring and throughout the plea negotiations process' as a whole;  "

This are presented and asserted as follows:

A. ARREST(S) IN MADE IN COMMENCEMENT OF THE ACTION(S) BEFORE THE COURT:

That, On February 7, 2022, Petitioner purchased a vehicle (2012 Hundai Velocitor) that had turned

out to be stolen. (id. pg. 1, cl. 3)  This where he did obtain a written " Bill of sale " and a " confirmation e-mail "

evidencing the sale. (id.)    Upon purchase of the vehicle, it was parked at an acquaintance's residence at 217

Prospect Ave., in Walla Walla, Washington 99362. (id. cl. 4) The following day, Petitioner proceeded with a

female friend to attend the local casino. (id. cl. 5)

Upon departure from the casino, the vehicle that he was traveling (Chevy Trail Blazer) was not functioning

properly, so Petitioner proceeded to his friend " Rick's house " and switched vehicles. Petitioner stayed at this

friend's home working on vehicles with his friend until late in the morning on February 11, 2022. (id. cl. 6)

After placing a few items into the Velociter, Petitioner drove that vehicle heading to 1231 Fracis Ave.,

Walla Walla, Washington 99362. (id.)  As he drove, he was stopped at a fourway stop intersection where a

vehicle approached him with " blinding headlights." This which caused Petitioner to shield his eyes with

his hand to be able to see. (id. at cl. 7) This vehicle turned out to be a police cruiser. (id.)

-------------------------------------------------------------------------------

SUBJECT: PAGE # 5
DATE: 04/26/2025 07:05:52 AM

CONTINUED FROM FOUR

The vehicle remained at the intersection until he made his turn. Approximately 5 blocks later

police initiated a traffic stop in front of Petitioner's cousins home, at the 1231 Fracis Ave. location. (id. cl. 7)

Petitioner was then surrounded by the police (several police cruisers) Petitioner exited the vehicle as

directed with his hands up. (id.) Petitioner questioned as to the nature of the contact. (id.) Petitioner was told

by these officer's that the vehicle was reported stolen. (id.)

Petitioner immediately made notice to these officers that he had recently purchased this vehicle
2
and had proof of ownership inside the vehicle. (id. cl. 8)    The officer made notice that he was to detain

this petitioner to whom was thereafter placed into handcuffs and walked approximately 40 feet from the

vehicle. (id. cl. 9) The officer conducted a body search and requested permission to search the vehicle. (id.)

Petitioner directed them to a red backpack soley for the purposes to obtain the " proof of ownership " and

nothing more. (id. cl. 10)  Petitioner was then placed into a police cruiser and looked on as officer's conducted a

full search of the vehicle. (id. cl. 11) He was then drove to jail. (id.)

Upon being taken to jail, at the time perceivably without cause, it was then that the officers directed

the vehicle to be towed. It was also perceived as this took place to circumvent the normal procedures for the

right to search known as a " consent search. ' (id. cl. 12) According to a later affidavit for a search warrant,

officer's searched the vehicle again awaiting for the tow truck to arrive, or what is known as an " evidentiary tow."

(id.) After two weeks in the local jail, Petitioner was released on bail, and an attorney, one McCool was retained

to represent that case in Washington State Court. (id.)

Upon release, Petitioner sold his trail blazer, and on May 1, 2022, at it was later discovered that

the vehicle was involved in a police chase, that he was later charged with including a later chase that, petitioner

was later exonerated. (id. cl. 14)

n. 2:  Take note that the nature of these assertions was presented for review in this District Court during and
       throughout the suppression hearing. (Criminal Case No. 4:22-cr-06038-MKD-1,DKT. #'s 53,55,56,68, 89)

--------------------------------------------------------------------------------

SUBJECT: PAGE # 6
DATE: 04/26/2025 07:07:32 AM

CONTINUED FROM FIVE

    B. FEDERAL ARREST(S):

     Warrants were later issued, and officer's again approached Petitioner at his cousin Ricky's house

and officer's pulled up to the residence and blocked the driveway at 217 Prospect Ave., Walla Walla. (id. cl. 15)

he informed Petitioner that he believed that Petitioner had a warrant and was running his name to check. (id.)

He directed Petitioner to step away from a 2004 Mustang that he was standing by, which was running at the

time. (id.) Petitioner asked if he could turn off the vehicle and the officer declined to allow this permission so

Petitioner shut the door. (id.) The vehicle was parked approximately 60 ft. away from where the officer had

parked in the entrance in the driveway. (id.) This was outside of the Walla Walla City limits which property

depicted a NO TRESPASSING sign posted in clear view. (id.) Upon entry of an additional officer, Petitioner

stepped off the property and allowed himself to be arrested without incident. (id.)

     Petitioner was handcuffed and placed into a police cruiser, the officer inquired as to what it was that

Petitioner desired to have done with the police cruiser. (id. cl. 16) Petitioner requested that they inform the

property owner and the police responded that they would in fact do so. (id.) The officer then entered the property

and began looking into other vehicles on the property, ultimately into the Mustang. (id.) They claimed then to

have observed marijuana and a marijuana pipe. (id.) They then sought a warrant and received permission to

search under what they asserted was the " plain view doctrine. " (id.)

     Prior to applying for the warrant, the property owner arrived at the scene, and the officer's requested

permission to search and to bring a K-9, he was denied this permission and asked to depart the premises. The

officer called for back up and then requested for the warrant. About four hours later, at about 6:15pm a tow

truck was called and the car was impounded. (cl. 17)

    C. FEDERAL INDICTMENT:

    On 8-02-20222, Petitioner was indicted on federal charges on the February 2022 incident. (DKT.#1)

---

SUBJECT: PAGE # 7
DATE: 04/24/2025 07:47:02 PM

CONTINUED FROM PAGE SIX

### D.  STATE CHARGES:

In September of 2022, petitioner accepted a plea agreement for 156 days credit for time served for a drug charge that had been pending since November of 2020. (id. cl. 18)  He also proceed to trial by jury for the two attempting to elude, one that purportedly occurred in May of 2022, and the other in June. (id.) On both of these counts, Petitioner was exonerated. (id.)

### E.  FEDERAL PROSECUTION:

On October 4, 2022, Petitioner was transferred to Yakima, Washington for presentment on the federal charges. (id.   Petitioner made his initial appearance, and was presented for arraignment on October 5 & 7 and was appointed an attorney, one JENNIFER BARNES to represent him. (DKT. # 14-18) Petitioner was ordered detained. (id. DKT. # 19)

On December 30, 2022, Attorney Barnes was removed from representation, and Petitioner was transferred to a subsequent facility for detention.  He was then appointed one Attorney NICHOLAS MARCHI to represent him. (DKT. # 29)

### F.  FORMAL PLEA OFFER/REJECTED BY ATTORNEY MARCHI:

Mr. Marchi, sent Petitioner a letter stating that the government had offered a " 12 year plea agreement " however, had specifically advised that it was " Attorney MARCHI had turned this offer down. ' (id. cl. 22)

It was not until one day before the plea offer expired that Petitioner was given a copy of the letter (offer) part of the offer was that " no more charges would be filed against Petitioner, " and a 12-year sentence
3
however, it was Marchi himself that declined the offer. (id. cl. 23)

---

n. 3:   Petitioner does not in fact have a copy of this letter because, he was transferred from the jail, and
        was not allowed to carry his personal belongings on the U.S. Marshal's Air-lift.

----------------------------------------------------------------------------------------

SUBJECT: PAGE # 8
DATE: 04/24/2025 07:47:30 PM

CONTINUED FROM SEVEN

It was not until late February, early March that Attorney Marchi had come to visit Petitioner in the Federal lock-up, Petitioner inquired of Attorney Marchi as to " why it was that he turned down the government's offer without conferring with him in regards to the content " He responded to him that, there was problems with the government's warrant(s). (id. cl. 24)  This that, (1) no consent was given, and (2) the warrant did not cover the safe. (id.)

Petitioner told Mr. Marchi that, he was upset that he made the decision to decline the government's offer without him and, Marchi responded, " trust me, ' I am a good lawyer.'" (id. cl. 25)

Two weeks later, Petitioner was transferred back to the Yakima County jail for presentment of a court hearing and to where I was present for a superseding indictment. He remained in the Yakima County jail for nearly two months. (id. cl. 26) Mr. Marchi then brought several documents in regards to the case against Petitioner, however, never did bring the " discovery " in the government's case-in-chief. (id.)

On April 20, 2023, Petitioner was transferred to Benton County jail. In the months to follow until July, Petitioner made several requests to Mr. Marchi to bring to him the discovery so that they could meet and confer in regards to evidence and the case against him. Upon contact, he requested for the " affidavit(s) and warrants for the February 2022 search warrant. " (id. cl. 27)

G.  SECOND PLEA OFFER

During a jail visit in June of 2023, Mr. Marchi brought to me another plea agreement from the government for 12 years again. (id. cl. 28) The plea, like the initial offer contained a deadline, with a condition that " if he did not accept the terms, ' he would face an additional superseding indictment. '" (id.)

SUBJECT: PAGE # 9
DATE: 04/26/2025 07:09:56 AM

CONINUED FROM EIGHT

Petitioner sought Marchi's advice on the plea agreement, and he stated, " [I] am your layer

' trust me, ' he was going to get ' everything suppressed ' besides the firearm charge under Title 18 U.S.C.-

Section 922(g), and continued to advise that, ' [Petitioner] was looking at 5 years in prison. " (id. cl. 29)

He stated, " these were just scare tactics, " and that, " [we] needed to have the suppression hearing. " (id.)

Based on this advice, petitioner allowed Mr. Marchi to reject this offer of a plea, and requested the

discovery documents to be abreast of the scenario. (id. cl. 30)  Mr. Marchi then left the Country for part of

July, and on July 27, 2023, there was a second superseding indictment. (DKT. # 69)

Thereafter, Mr. Marchi never brought the " discovery  " that Petitioner requested.  He did bring to

Petitioner a copy of the motion to suppress, but never brought the " exhibit(s) attached thereto in support. "

(id. cl. 32)  Petitioner requested if he attached " the bill of sale of the vehicle " that was claimed to be

stolen, including the " release of interest, " also the signed title that was sent via e-mail pertaining to the

vehicle that was purportedly stolen on February 11, 2022, he advised that it was all there, but since I was

in jail, " he was not allowed to be in possession of the information that was in the exhibits. " (id.)

Petitioner gave his attorney full faith, trust and confidence which he believed would make for his

fulfillment of his original advice in regards to the direction of the case, whence the case proceed to the

suppression hearing " on August 28, 2023 where Mr. Marchi was not prepared. (id. cl. 33, DKT. #'s 73, 78)

He was not familiar with the case law in concern to the presentment of the Fourth Amendment

claim(s) that he raised, he was not clairvoyant with the claims and facts in concern thereto during and

throughout the proceeding and was admonished by the court during such. (id. at 55-56)

He did not bring in the proof of ownership that Petitioner continuously requested, and both points that he

argued were inaccurate. (id. at cl. 33)

SUBJECT: PAGE # 10
DATE: 04/24/2025 07:49:09 PM

CONTINUED FROM NINE

The court even directed the attorney's attention to all of these facts understanding the faulty nature of Mr. Marchi's performance in concern to the attempts at the suppression motion.

Petitioner asserts that, had he known that Mr. Marchi would break down during the adversarial proceeding in the suppression of the evidence motion(s) process, he would have surely accepted the government's offer of a 12 year plea agreement in the first and second instance. (id. cl. 35)

If Mr. Marchi would have produced and gone over the discovery in the case against him, Petitioner certainly would have accepted the government's offer of a 12 year plea agreement. (id. cl-36) Furthermore, Petitioner would have  not allowed Marchi to move to suppress the evidence of the case, and would not have placed the government's case to a crucible of testing, and would have accepted the offer of 12 years. (id. cl. 36)

If marchi would not have assured Petitioner of his confidence in the suppression of evidence, and the 5 year sentence, Petitioner claims that he would have accepted the terms of the 12 year agreement. (id.-cl. 37)

The suppression hearing revelaed Mr. Marchi's in-effective representation and his inability to adequately litigate the Fourth amendment claims in his manifested attempt(s) And thereafter, Petitioner sought New Counsel with ex parte motion filed on 9-08-2023, and 9-18-2023, and Scott Johnson & Mitchell Crook were appointed to represent Petitioner. (DKT. #'s 74-80)

In November of 2023, Attorney Mitchell Crook came to visit Petitioner in jail. he spoke of Marchi's incompetence, and Petitioner requested of Mr. Crook if it was possible to request of the prosecution if it could negotiate the initiate the 12 year plea agreement. He responded that, the government was now seeking 293 months, with no other deal to resolve the matter, respectively. (id. cl. 39)

Petitioner inquired as to whether he could assist with the presentment of the evidence that Marchi failed to present at the suppression hearing, and relitigate the failures to adequately litigate before the Court, he was advised that this was not possible and had to be made through a post-conviction relief hearing pursuant to 28 U.S.C. Section 2255. (id. cl. 40)

--------------------------------------------------------------------------------

SUBJECT: PAGE # 11
DATE: 04/24/2025 07:49:45 PM

CONTINUED FROM PAGE TEN

### H. THIRD OFFERS OF SETTLEMENT OF PLEA FROM THE GOVERNMENT:

Within a could of days, three successive plea offers were made for the " third occasion; "

" (1) Plead guilty to several charges (a) 21 U.S.C. Section 841(a)(1), (b)(1)(A); ' with felon in possession

of a firearm under 18 U.S.C. Section 922(g), " and 924(c), with a stipulated sentence of ' 15 years; '

(2) 841 & 922(g) alone, with a agreed upon 18 year sentence making Petitioner ' eligible ' under the

First Step Act of 2018 for " earned time credits " under 18 U.S.C. Section 3632(d)(1)(A), or (3) 841's

922(g) with the government seeking 20 years, and I could seek 15 years, respectively. " (id. cl. 41)

On February 2, 2024, Petitioner pleaded guilty to option (3) with an acceptance of responsibility

for the violation of Title 21 U.S.C. Section 841(a)(1), (b)(1)(A), and two violations of 18 U.S.C. Section

922(g). (DKT. # 104)

Thereafter, almost a month later,  Petitioner and Attorney Scott Johnson had a fallout over several issues

in the matter. This for the fact that, he believed that he had reserved the right to appeal the suppression issue

in the plea agreement, or reconsideration of the suppression hearing, including the introduction of the evidence

that MArchi did not enter to include the bill of sale documents that had been available to all since the inception.

Johnson stated that, " he did not and could not. " (id. cl. 43) Johnson was accompanied by Attorney Crook,

and as the arguments took place regarding  the matter, Mr. Crook intervened, Petitioner made clear that

he felt like he was dupped. (id.)

Petitioner was then met with Mr. Crook after hours who advised Petitioner that, If he wished to

proceed, they would quit as counsel and were going to court the next day to seek the court's approval

to appoint representation. (id. cl. 44) He then advised that, if Petitioner sought to appeal the suppression

the plea would be nulled and the prosecutor would be upset. (id.) He stated that the Judge seemed indifferent

towards me and that any appeal would make matters worse. (id.) That without the deal,  Petitioner would receive

30-35 years, and that his best would be to file a later collateral relief motion under 2255. (id.)

----

SUBJECT: PAGE # 12
DATE: 04/24/2025 07:50:15 PM

CONTINUED FROM PAGE ELEVEN

On February 21, 2024, Petitioner proceeded to court for a plea colloquy, and Petitioner answered honestly, however, also made known that he had not gone over the discovery in the case. The hearing hence delayed an additional day. (id. cl. 45) Mr. Crook came to the jail and revealed numerous documents that Mr. Marchi claimed that he did not have possession. (id.) Again, Mr. Crook advised that, Petitioner received " a bad deal ' and should move for in-effective assistance of counsel against Mr. Marchi. " (id.)

Petitioner inquired if he could raise the issue on direct appeal, Mr. Crook advised that he could not, however, could raise it on 2255. (id. cl. 46) With this advice, he accepted the plea of guilty. (id.)

On May 30, 2024, Petitioner was sentenced to 198 months for the drug counts and, 180 months and 120 months for the 922(g) counts concurrently. (DKT. 120-121)

Had these attorney's not advised Petitioner he could not appeal the ineffective assistance of counsel claim(s) or suppression motions on direct appeal, he would have done so on his own. (id. cl. 48)

Petitioner claims with certainty, that had Attorney Marchi adequately presented the initial 12 year plea agreement, Petitioner would have accepted the terms of such, and would not have place the government's case to testing. (id. cl 49)

Moreover, had he not been advised by Attorney Marchi that, he was going to have the evidence suppressed, he would have accepted the terms of the second and successive 12 year plea agreement. (id. cl. 50)

Thus, Petitioner makes these presentments herein support of a claim(s) of the violation of right(s) guaranteed to the in-effective assistance of counsel during and throughout the course of the plea negotiations phase of the criminal prosecution as a whole, in violation of the Sixth Amendment.

That, he will make this presentment hereinafter, respectfully, to wit;

---

TO:
SUBJECT: PAGE # 13
DATE: 04/24/2025 07:50:25 PM

CONTINUED FROM PAGE TWELVE

III. ISSUES PRESENTED FOR COLLATERAL REVIEW UNDER 28 U.S.C. SECTION 2255:

    ISSUE # 1: PETITIONER'S SENTENCE AND CONVICTION ARE RENDERED IN VIOLATION OF THE
            SIXTH AMENDMENT RIGHT(S) TO THE EFFECTIVE ASSISTANCE OF COUNSEL,
            DURRING AND THROUGHOUT THE PRE-TRIAL, PLEA NEGOTIATIONS PHASE OF
            THE CRIMINAL PROSECTUION AS A WHOLE;

---

FROM: 06496089
TO:
SUBJECT: PAGE # 14
DATE: 04/24/2025 07:50:52 PM

IV. LEGAL ANALYSIS;

    A.  28 U.S.C. SECTION 2255;

    " Title 28 of the United States Code section 2255 provides that: ' a prisoner under a sentence

established by and Act of Congress claiming the right to be released upon the ground that the

sentence imposed ' in violation of the constitution or laws of the United States, or that the court was

without jurisdiction to impose the sentence, or the sentence was in excess of the maximum authorized by law or,

' is otherwise subject to collateral attack, ' may move the court may move the court which imposed the sentence

to vacate, set aside or correct the sentence. " See United States V. Hayman, 342 U.S. 205, 207, n. 1,

72 S.Ct. 263  96 L. Ed. 2d 232 (1952), see also United States V. Barron, 172 F. 3d 1153, 1157 (9th Cir. 1999),

and United States V. Monreal, 301 F. 3d 1127, 1130 (9th Cir. 2002)

    " Section 2255 gives a remedy in the sentencing court exactly commensurate with that which had

previously been available by habeas corpus in the Court. See Kaufman V. United States, 394 U.S. 217, 222-

89 S.Ct. 1068, 22 L.Ed. 2d 227 (1969)

    " To obtain relief through a section 2255 motion, ' a [Prisoner] must demonstrate the existence of

an error of constitutional magnitude which has a substantial and injurious effect on influence of the

' guilty plea or juries verdict '" See Brecht V. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed. 2d.-

353 (1993)

    " Relief is available under Section 2255 is available only in ' extraordinary situations ' such as an

error of constitutional magnitude or where a fundamental defect has occurred which results in a

' complete miscarriage of justice.'" United States V. Coleman, 763 F. 3d 706, 708 (7th Cir. 2014)(quoting -

Blake V. United States, 723 F. 3d 870, 878-79 (7th Cir. 2013)), see also Harris V. United States, 366 F. 3d 593, 594

(7th Cir. 2004)(quoting Borre V. United States, 940 F. 2d 215, 217 (7th Cir. 1991))

TO:
SUBJECT: PAGE # 15
DATE: 04/24/2025 07:51:24 PM

CONTINUED FROM PAGE FOURTEEN

    B.  CAUSE AND PREJUDICE:

    " Where a Section 2255 Petitioner has not raised an alleged error at trial or on direct appeal,

the Petitioner is procedurally barred from raising an issue in a Section 2255 proceeding if it could have been

raised earlier unless the Petitioner can demonstrate both ' cause for the dealy ' and ' prejudice '

resulting from the alleged error. " See United States V. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584,

71 L.Ed. 2d 816 (1982), also United States V. Johnson, 988 F. 2d 941, 945 (9th Cir. 1993), and United States-

V. Braswell, 501 F. 3d 1147, 1150, n. 1 (9th Cir. 2007)

    " Independent claims of ineffective assistance of counsel and claims that ' could not have been

presented without further factual development ' are excluded from the cause and prejudice requirement '

and may be heard on collateral review even though the defendant could have but did not raise the

claim on direct appeal. " Massaro V. United States, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed. 2d

714 (2003)

    " It is a well established principle that habeas corpus has traditionally been governed by principles of

equity. " See Fay V. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963)( quoting Smith V. Baldi, -

344 U.S. 561, 573, 97 L.ed 549, 558, 73 S.Ct. 437 (dissneting opinion))

    Here before this Honorable Court is a presentment for the violation of right(s) guaranteed under

the Sixth Amendment, right(s) to the " [effective] assistance of counsel ' during the pretrial, plea negotiations '

phase of the criminal action taken. '"

    Petitioner makes this presentment in demonstration, respectfully, heretoforethwith,

TO:
SUBJECT: PAGE # 16
DATE: 04/24/2025 07:52:09 PM

C.  THE SIXTH AMENDMENT:

   " The Sixth Amendment guarantees that: ' In all criminal prosecutions the accused shall enjoy the

right to the assistance of counsel for his Defense. '" See Powell V. Alabama, 287 U.S. 45, 57, 53 S. Ct. -

55, 60, 70 L. ed. 158 (1932)

   The " Right to the assistance of counsel, " has thereafter been recognized as " the right to the ' effective

assistance of counsel. '" See United States V. Cronic, 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed. 2d 657-

(1984)(quoting McMann V. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970))

   To establish a claim of the violation of the " effective assistance of counsel, commonly coined as

' [in]effective assistance of counsel, ' the Supreme Court has established that, (1) his attorney's performance

was deficient; and (2) that said deficiency ' prejudiced the [defendant]. '" See Strickland V. Washington, 466-

668, 687, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), United States V. Manzo, 675 F. 3d 1204, 1209-10 (9th Cir. -

2010), and United States V. Whithers, 638 F. 3d 1055, 1066-67 (9th Cir. 2011)

   This " two-part test "was extended to challenges to the plea agreement context (validity of a plea agreement)

in the Supreme Court's decision in Hill V. Lockhart, 474 U.S. 52, 88 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985)

This by citing: " where a defendant is represented by counsel during the ' plea process ' and enters his plea

upon the ' advice of counsel ' the voluntariness of the plea depends on whether ' counsel's advice was within the

range of competence demanded by attorney's in criminal cases. '" id. (quoting McMann V. Richardson, 397 U.S. -

759, 771, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970))

   Over 25 years later, the Court made clear, that "defendants have the Sixth Amendment right to the

effective assistance of counsel ' at all critical stages of the criminal proceedings, ' which includes not only

the guilty plea, but also extends to the ' plea bargaining process as a whole. '" See Missouri V. Frye, 132 S.Ct.-

1399, 1406, 182 L.Ed. 2d 379 (2012) This by recognizing that, " [p]lea bargains have become so central to

the administration of justice system, that ' defense counsel have responsibilities that must be met ' to render

adequate assistance of counsel that the Sixth Amendment requires. '" id.

TO:
SUBJECT: PAGE # 17
DATE: 04/24/2025 07:53:45 PM

CONTINUED FROM SIXTEEN

The Court held in it's companion case that, " [if] a plea bargain has been offered, a ' defendant

has the right to the effective assistance of counsel in considering to accept it. '" See Lafler V. Cooper, -

132 S.Ct. 1376, 1387, 182 L.Ed. 2d 398 (2012)

Under the prevailing law of the land before on the landmark compasion cases of Lafler, and Frye to

which shocked the entire legal world when it threw away nearly 250 years worth of constitutional jurisprudence

an cited: " Criminal justice today is for the most part a system of pleas, not a system of trials... '[t]he

right to adequate assistance of counsel cannot be determined or enforced without taking account of the

central role plea bargaining plays in securing convictions and determining sentences. '" Lafler V. Cooper, -

132 S.Ct. 1376, 1388, 182 L.Ed. 2d 398 (2012)  The Court cited that, " Ninety seven percent of Federal conv-

ictions ' and ninety four percent of states convictions are the result of guilty pleas. '" Id.

(i) DEFICIENT PERFORMANCE:

Under the " Strickland standard, " deficient performance requires a showing that " counsel's represent-

ation fell below an ' objective standard of reasonableness,' as measured by ' prevailing professional norms.'"

id. Strickland, 466 U.S. at 687-88.

To determine whether a lawyer's practices meet prevailing professional norms, the court must look

to the standard practices in the relevant area at the time of representation. See Cullen V. Pinholster, 131-

S.Ct. 1388, 1407, 129 L.Ed. 2d 557 (2011)

In looking to the " Standards, practices and prevailing norms at the time, " the American Bar Association

Standards and the like are guides to determining what is reasonable. Se id. Strickland, see also Jennings V. -

Woodford, 290 F. 3d 1006, 1015 (9th Cir. 2002)

In the instance presented, the ABA Standards as asserted are highly relevant under the Strickland

standard, ..." a lawyer must communicate with the client about plea offers and advise the client ' candidly

and competently ' so that the client may make an informed decision. See ABA Standards for Criminal Justice-

Prosecution and Defense Function 4-4.1(a) (3d. ed 1993)(Defense counsel's·obligated to investigate " facts

relevant to the merits of the case and the penalty in the event of a conviction ") ----

---

TO:
SUBJECT: PAGE # 18
DATE: 04/24/2025 07:54:56 PM

CONTINUED FROM SEVENTEEN

...Id. at 4-5.1(a)(" After informing himself or herself fully on the facts and the law, defense counsel should advise the accused with complete candor concerning all aspects in the case, including a ' candid estimate of there probable outcome '")

This though, criminal defendant's have " no right to a plea agreement " in and of itself. See Whetherford V. Bursey, 429 U.S. 545, 561, 97 S.Ct. 837, 51 L.Ed. 2d 30 (1977), Nonetheless, " if a plea bargain has been offered, " a defendant has the right to the effective assistance of counsel in considering whether to accept it. ' id. Lafler, ____, U.S.____, 132 S.Ct. at 1387.

This is so for counsel is defendant's agent under well-settled principles of agency law. See Maples V. Thomas, 565 U.S. ___, 132 S.Ct. ___, 181 L.Ed. 2d. 807 (2012)

(i) CONTRACT LAW:

Hereto, in the " Hill V. Lockhart standard, " much like these basic foundational principles as recognized by the Supreme Court and the American Bar Association, " a plea agreement is construed as a contract between the prosecutor and the defendant." See United States V. Gonzalez-Melchar, 648 F. 3d 959, 963 (9th Cir.- 2011)(Citing United States V. Striech, 560 F. 3d 926, 929-30 (9th Cir. 2009)) As such, is governed by traditional contract law standards and principles. " United States V. Clark, 218 F. 3d 1092, 1095 (9th Cir. - 2000)

This for a guilty plea is valid only if made voluntary and intelligently, with sufficient awareness of the likely consequences of the relevant circumstances. See Bradshaw V. Stumpf, 545 U.S. 175, 182, 129 S.Ct. - 2398, 162 L.Ed. 2d 143 (2005)(quoting Brady V. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed. - 2d 747 (1970))

" contracts are governed by the law of the state in which they are made, " here the plea agreement is made in the state of Washington, and like most states, the elements of a contract are, "(1) offer, (2) acceptance, and (3) consideration. " Yakima Cty. Fire Prot. Dist. No. 12 V. City of Yakima, 22 Wn 2d. 371, 388-89, 858 P. 2d-245 (1993)(quoting Pacific Cascade Corp. V. Nimmer, 25 Wn. App. 552, 555-56, 608 P.2d 266 (1980))

TO:
SUBJECT: PAGE # 19
DATE: 04/24/2025 08:18:57 PM

CONTINUED FROM EIGHTEEN

...'' [F]or a contract to form, the parties must objectively manifest there mutual assent ...[and] the terms asserted must be sufficiently definite. ' Keystone Land & Dev. Co. V. Xerox Corp., 152 Wn. - 2d 171, 94 P.3d 945, 949 (Wash. 2004)

(ii) PREJUDICIAL PRONG:

Under the Strickland standard, prejudice is established where '' there is a reasonable probability that ' but for counsel's unprofessional errors, ' the result of the proceeding would have been different. '" Strickland, 466 U.S. at 694. Demonstrating prejudice requires more than a showing that the error in question might have had some conceivable effect on the outcome of the proceeding, rather there must be a ' reasonable probability ' a probability sufficient to undermine confidence in the outcome. '' Id.

In the context here of allegations that Counsel was ineffective for advising a plea offer which is rejected '' a defendant must show that ' but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted, the plea and the prosecution would not have been accepted and the prosecution would not have withdrawn it in light of the intervening circumstances, that the court would have accepted it's terms, and the conviction and sentence, or both, under the offers terms would have been less severe than under the judgment and sentence were in fact imposed. '') See id. Lafler V. Cooper, 132 S.Ct. 1376, 1385, 182 L.Ed. - 2d. 398 (2012)

However, it is not enough to show that the outcome of the trial was worse, rather, movant must '' demonstrate a ' reasonable probability movant would have accepted the earlier plea offer ' had he been offered ' effective assistance of counsel. '" id. Frye, 132 S.Ct. at 1409.

---

TO:
SUBJECT: PAGE # 20
DATE: 04/24/2025 07:56:19 PM

CONTINUED FROM NINETEEN

" A reasonable probability " in the context before the Court (Plea Agreement/plea negotiations), requires a showing that he would have " negotiated a different plea agreement. " See United States V. Rodriguez-Vega, 797 F. 3d 781, 788 (9th Cir. 2015) " In order that the benefits of a plea bargain can be realized, however, criminal defendants require effective counsel, ' during plea negotiations.' Anything less ... might deny a defendant effective representation by counsel ' at the only stage when legal aid and advice would help him.'" Id. (quoting Missouri V. Frye, 132 S.Ct. 1399, 1407-08, 182 L.Ed. 2d 379 (2012))

All in all, " the right to counsel's assistance on making an informed decision once a plea bargain has been put on the table. " See Nunes V. Mueller, 350 F. 3d 1045, 1052 (9th Cir. 2003), see also United - States V. Blaylock, 20 F. 3d 1458, 1465-66 (9th Cir. 1994).

Furthermore, " When a defendant, knowing the material terms of the plea offer but asserts that counsel failed to accurately assess that counsel failed to accurately assess the strength and weaknesses of the case, we require the defendant to ' demonstrate gross error on the part of counsel, ' meaning ' the advice he received was so incorrect and so insufficient ' that it undermined ' his ability to make an intelli- gent decision ' about whether to accept the plea offer. '" See Turner V. Calderon, 281 F. 3d 851, 880 (9th - Cir. 2002), see also United States V. Haro-Verdugo, 748 Fed. Appx. 144, 148 (9th Cir. 2018)(quoting United States V. Leonti, 326 F. 3d 1111, 1116 (9th Cir. 2003))

------------------------------------------------------------------------------------------

TO:
SUBJECT: PAGE # 21
DATE: 04/26/2025 08:42:43 PM

CONTINUED FROM TWENTY

V.  ARGUMENT IN SUPPORT OF COLLATERAL RELIEF UNDER 28 U.S.C. SECTION 2255:

ISSUE # 1:  PETITIONER'S CONVICTION AND SENTENCE ARE RENDERED IN VIOLATION OF THE
            SIXTH AMENDMENT RIGHT(S) TO THE EFFECTIVE ASSISTANCE OF COUNSEL DURING
            THE PRE-TRIAL, PLEA NEGOTIATIONS PHASE OF THE CRIMINAL PROSECUTION:

A. STATEMENT OF THE CLAIM(S):

Petitioner, states herein that upon prosecution for the criminal action against him in two

incidents leading up to his arrest, the government offered a " 12 year plea agreement " in exchange

for his plea of guilt, and waiver of rights.

However, as the offer was made, counsel did not present this plea to him until there was one day

remaining on the time constraints placed upon it.  Moreover, Counselman advised Petitioner that, it did

not matter because, it was " [he] that had already rejected the agreement. "

Upon inquiry as to why it was that he rejected the agreement without conferring with Petitioner,

he advised that, he was making a motion to suppress evidence from the two-separate incidents for

violations of the Fourth Amendment search and seizures, and that the only remaining counts would be

the firearms count under 18 U.S.C. Section 922(g), and that he would receive a " 5 year term of imprisonment."

The government had also offered a second and subsequent " 12 year plea agreement, " to which Counselman

affirmatively advised to reject, as to the advice " to trust him he was a good lawyer, " and that he would have

the evidence suppressed as to a violation of rights guaranteed under the Fourth Amendment.

This advice is what Petitioner allowed this attorney to proceed upon the presentment of the suppression

motion.   Nonetheless, had counsel adequately advised Petitioner of the offer of the 12 year agreement,

Petitioner would not have allowed the attack to be made, and instead would have accepted the terms of the

agreement, and there is a reasonable likelihood that,  would have received a 12 year sentence.

----------------------------------------------------------------------

TO:
SUBJECT: PAGE # 22
DATE: 04/26/2025 06:55:27 AM

CONTINUED FROM PAGE TWENTY ONE

B. COUNSEL WAS INEFFECTIVE TO A CONSTITUTIONAL DEGREE UNDER THE SIXTH AMENDMENT:

This claim(s) of the violation of the right to the effective assistance of counsel are governed by the

before mentioned standard of Strickland V. Washington (1984), and Hill V. Lockhart, (1986). supra, see also-

United States V. Delgado-Ramos, 635 F. 3d 1237, 1239 (9th Cir. 2011)

Herein, during and throughout the pretrial, plea negotiations phase of the criminal prosecution,

Counselman not only took away Petitioner's right to decide entirely, where or not to plead guilty, or how to proceed.

See United States V. Finze, 428 Fed. Appx. 672, 674 (9th Cir. 2011)(Jones V. Barnes, 463 U.S. 745, 751, 103 S.Ct.

3308, 77 L.Ed. 2d 987 (1983), see also Premo V. Moore, ____U.S.____, 131 S.Ct. 733, 742, 178 L.Ed. 2d 649 (2011)),

United States V. Dudette, 923 F. 3d 1227, 1236 (9th Cir. 2019)(quoting McCoy V. Louisiana, 138 S.Ct. 1500, 1507-

1509,  200 L.Ed. 2d 821 (2018), and Florida V. Nixon, 543 U.S. 175, 192, 125 S.Ct. 551, 160 L.Ed. 2d 565 (2004)

But,  also did not give him the tools  necessary to make an intelligent decision . see id. Turner V. Calderon, 281-

F.3d 851, 880 (9th Cir. 2002) see also, Miles V. Martel, 696 F. 3d 989, n. 5 (9th Cir. 2012)(Citing Hill, 474 U.S. at 56-58)

Moreover, the law is clear that this must be an informed decision. Nunes V. Mueller, 350 F. 1045, -

1052 (9th Cir. 2003)  The information here was " inaccurate " and puffed with air, and false promises.

And attorney cannot  make a promise that a court " will " suppress evidence, " this advice is incompetent." See -

Tollet V. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed. 2d 235 (1973)

Attorney Marchi's act of rejecting the government's 12 year offer of a plea agreement without Petitioner's

decision making authority, was an act in blatant and willful violation of the Sixth Amendment right(s) to the

effective assistance of counsel.  Also runs afoul of the Model Rules of Proffessional Conduct Rule 1.2(a), and 1.4(a),

and (b). Attorney Marchi's advice where to " accept or reject "the government's  " second offer of resolution " of

the criminal action, of 12 years with the promise that he would have the evidence suppressed and that Petitioner

would receive 5 years thereafter, tookaway the tools necessary  to make an intelligent decision and was ineffective

 to a constitutional degree.

---

FROM: 06496089
TO:
SUBJECT: PAGE # 23
DATE: 04/26/2025 07:01:06 AM

CONTINUED FROM PAGE TWENTY TWO

    Counsel's actions and advice during and throughout the pre-trial, plea negotiations phase of the

criminal prosecution was outside of the wide range of competence demanded by attorney's in these

instances. See Miles V. Martel, 696 F. 3d 989, n. 5 (9th Cir. 2012)

    Attorney Marchi has a history of prior actions in rhyme and reason of these instances, concerning

plea negotiations and the entry of a plea, respectfully. See United States V. Rivera-Corona, 618 F. 3d 976, 982

(9th Cir. 2019)

    Petitioner was not only entitled to the effective assistance of counsel, during and throughout this

process, but, also was entitled to make a decision, which Mr. Marchi usurped that " right " when he rejected

the 12 year agreement in the first instance, without producing the ' written plea agreement, ' until one day before

the offer dissolved, ' and after he had already rejected it,  and thereafter, convincing Petitioner to reject a second

and, subsequent 12 year offer with fantastic advice leading any criminal defendant in America to believe that

he had a defense to evidence that supported nearly all of the charges and would essentially do away with this

evidence as a sanction for violation of right's guaranteed.See Perez V. United States, No. 19-55548, 2022 U.S. App. -

LEXIS 14100 (9th Cir. May 24, 2022), see also United States V. Rivera-Sanchez, 222 F. 3d 1057, 1061 (9th Cir. 2000)

    What is even more appalling is that, Counselman Marchi broke down at the suppression hearing itself,

where he was ill-prepared, i.e., without the essential documents in support of the material facts of the claim(s),

and uneducated in the basic principles and legal contentions that the claim entailed under the Fourth Amendment.

See Kimmelman V. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed. 2d 305 (1986)

The court itself admonished him openly for such. (See DKT. # 78, Suppression Hearing, at pg.'s 55-56)

 This caused a breakdown in the attorney-client relationship. Thereafter, upon removal of Attorney Marchi as

representative, and additional counsel, the government rescinded it's offers of resolution and the agreement was

for 293 months, not 12 years. This acceleration has prejudiced Petitioner to the most egregious degree as criminal

defendant. As he ultimately secured a plea deal, it resulted in a 198 month sentence, 54 months above the original

agreement.

---

TO:
SUBJECT: PAGE # 24
DATE: 04/25/2025 07:39:36 AM

CONTINUED FROM TWENTY THREE

    Thus, as Petitioner has made the presentment of this claim of the violation of the Sixth Amendment right(s) to the effective assistance of counsel, during and throughout the pre-trial, plea negotiations phase of the criminal prosecution against him to which caused him to loose a '12 year plea agreement " in exchange for his plea of guilt, and to which later suffered as to Counselman's actions and his subsequent advice, the remedy for the violation of these right(s) collectively, call for this Honorable Court to enter a judgment to vacate the sentence and conviction, and ORDER the government to reinstate the original " 12 year plea agreement, " respectively.

    Furthermore, as to there being allegations of material fact hereto, Petitioner will respectfully request that his Honorable Court to ORDER a hearing under 28 U.S.C. Section 2255(b), and to assist in the effectuation of the process, appoint competent counsel to represent this Petitioner thereon, and ORDER the production of discovery int he form of the government's and Attorney Marchi's work-product and files in the case respectively.  This to include, a copy of the government's initial " written -
        3
plea agreement, " respectively.

    Petitioner will make this request, respectfully, hereinafter to wit;

---

n. 3:  Petitioner did retain a copy of the " written plea agreement " at the jail he was housed at the time, however, upon being transferred into the custody of the Federal Bureau of Prisons and taken via U.S. Marshal (in-transit) air-lift, Petitioner was not allowed to take these documents with him, and were left at the pretrial holding facility.

---

FROM: 06496089
TO:
SUBJECT: PAGE # 25
DATE: 04/26/2025 08:43:15 PM

VI.  REQUEST FOR EVIDENTIARY HEARING UNDER 28 U.S.C. SECTION 2255(b):

   In aid of this Honorable Court's equitable authority and it's properly endowed discretion under 28 U.S.C.-

Section 2255, and it's supporting authority inherent therein Petitioner proffers holding a hearing  consistent there-

with to assist in the factual development and material allegations in his complaint(s), and supporting affidavit,

      (a) Title 28 of the United States Code at Section 2255(b) states in pertinent part:

         " Unless the motion, and files, and records of the case conclusively show that a prisoner is
         entitled to no relief, the ' Court shall grant a prompt hearing thereon. '"

See United States V. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.ed. 232 (1952)

   In determining whether a hearing and findings of fact and conclusions of law are required, " [t]he standard

essentially is whether the Petitioner has made ' specific allegations ' that, if true, state a claim upon which

relief could be granted. '" See United States V. Whithers, 638 F. 3d. 1055, 1062 (9th Cir. 2011)(quoting United

States V. Schaflander, 743 F. 2d 714, 717 (9th Cir. 1984))

   " The Court must hold a hearing if a section 2255 motion, Petitioner alleges facts, that, if proven, show

that Petitioner is entitled to relief, but the allegations must be detailed and specific instead of vague, conclusory

and palpably incredible. See Bruce V. United States, 256 F. 3d 592, 597 (7th Cir. 2001)

      Here there are sworn facts in regards to NICHOLAS MARCHI which occurred outside of the record, to

include, documents. i.e., Written plea agreement(s) that should be called upon to be presented to the court

from he and the government commonly known as " Attorney work product " that should be presented for this

court's review respectfully. See United States V. Reyes-Bosque, 624 Fed. Appx. 529, 530 (9th Cir. 2015)

      Nevertheless, the factual contentions are specific and detailed, also material to the claim(s) presented

herein this motion pursuant to 28 U.S.C. Section 2255. (id. EXH.-A)

---

FROM: 06496089
TO:
SUBJECT: PAGE # 26
DATE: 04/24/2025 08:00:32 PM

CONTINUED FROM TWENTY FIVE

     In these instances the court must grant a hearing to determine the validity of a petition brought

under 2255. See United States V. Blaylock, 20 F. 3d 1458, 1465 (9th Cir. 1994) Conclusory statements without more,

are insufficient to require a hearing.  See United States V. Johnson, 988 F.2d 941, 945 (9th Cir. 1993), see also

United States V. Hearst, 638 F. 2d 1190, 1194 (9th Cir. 1980)

     Factual allegations are submitted under the penalty of perjury. See Jones V. Barnes, 2013 U.S. Dist. LEXIS -

166541 (C.D. Cal. Oct. 21, 2013)  These to which provide sufficient detail regarding, as here the nature of the

material facts. See United States V. Chacon-Palmares, 208 F. 3d 1157 (9th Cir. 2000)

     Furthermore, evidentiary hearings are particularly appropriate when " claims raise facts which occurred

out of the court room and off the record.  Id. Chacon-Palomares, 208 F. 3d at 1159 (Citing United States V. Burrows,-

872 F. 2d 915, 917 (9th Cir. 1989); accord Fazer V. United States, 18 F. 3d 778, 781 (9th Cir. 1994); and

 Dagamere V. United States, 914 F. 2d 165, 168 (9th Cir. 1990)

     Here, there are " out of the court-room statements " alleged in sworn facts submitted in support hereto

in regards to Mr. Marchi's representation. (See Exhibit-A) These which are specific. See United States V. -

Rodrigues, 347 F. 3d 818, 824 (9thCir. 2003), United States V. Howard, 381 F. 3d 873, 879 (9th Cir. 2004),

see also United States V. Shatuaryan, 777 Fed. Appx. 217 (9th Cir. 2019)

     These which make for a more searching inquiry into Petitioner's allegations, and does request that

this Honorable Court hold a hearing under 28 U.S.C. Section 2255(b).   In so holding, make for the

appointment of counsel pursuant to 18 U.S.C. Section 3006A et seq., and the production of documentation

to support, respectively. See United States V. Mikos, No. 10 C 6331, 2024 U.S. Dist. LEXIS 174465, * 9 -

(N.D. Ill. Sept. 26, 2024)(Quoting Rule 6 of the Rules Governing Section 2255 proceedings, see also Bracey -

V. Gramley, 520 U.S. 899, 908-909, 117 S.Ct. 1793, 138 L.Ed. 2d 97 (1997))

---

TO:
SUBJECT: PAGE # 27
DATE: 04/26/2025 08:43:29 PM

VII. CONCLUSION:

    WHEREFORE, Petitioner respectfully requests that this Honorable Court exercise it's properly endowed

discretion, and GRANT equitable relief under 28 U.S.C. Section 2255, as to violation of right(s) guaranteed

by and through the Sixth Amendment during and throughout the pre-trial, plea negotiations process in

the criminal action taken against him, AND/OR; GRANT A Prompt hearing pursuant to 28 U.S.C. Section

2255(b), APPOINT competent counsel pursuant to 18 U.S.C. Section 3006A et seq., including

ORDER the production of discovery the same, under Rule 6 of the Rules Governing habeas corpus

proceedings, AND ORDER the government to reinstate the original 12 year plea offer that it

made in it's initial prosecution of this (Petitioner) respectfully.

                      PETITIONER, PRO SE, REX KERN

5-14-2025

--------------------------------------------------------------------------------

TO:
SUBJECT: CERTIFICATE OF SERVICE:
DATE: 04/26/2025 08:47:47 PM

VIII. CERTIFICATE OF SERVICE:

That, I REX KERN do hereby swear, that I did, mail a true and correct and complete copy of this

Collateral Relief Motion pursuant to 28 U.S.C. Section 2255 to the respondent, by placing such into

the U.S. Mail, postage pre-paid on this 4th day of May 2025, and addressed as follows: (28 U.S.C. -

Section 1746)

U.S. DEPARTMENT OF JUSTICE                    REX KERN, PETITIONER, PRO SE.
OFFICE OF THE U.S. ATTORNEY
FOR THE EASTERN DISTRICT OF WASHINGTON
920 Riverside Ave., suite 340
Spokane, Washington 99201

5-4-2025