FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REX MICHAEL KERN, JR.,<br><br>Defendant. | No. 4:22-CR-06038-MKD-1<br><br>ORDER SETTING EVIDENTIARY HEARING, WAIVING ATTORNEY-CLIENT PRIVILEGE, AND REQUIRING TRANSPORTATION OF DEFENDANT<br><br>*****USMS ACTION REQUIRED***** |

Before the Court is Defendant's Motion for Writ of Habeas Corpus Under 28 U.S.C. § 2255, ECF Nos. 125, 126. Counsel was appointed to represent Defendant in this matter on November 5, 2025. ECF No. 139. Appointed counsel moved the Court to permit him to submit supplemental briefing in support of granting an evidentiary hearing. ECF No. 140 at 1. The Court granted the motion for supplemental briefing. ECF No. 141. The Court has reviewed the supplemental briefing and the record and is fully informed. ECF Nos. 146, 147, 150. For the reasons stated below, the Court grants Defendant's request for an evidentiary hearing and an order defining the scope of Defendant's waiver of attorney-attorney client privilege

**A. Evidentiary Hearing**

Under 28 U.S.C. § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." "In deciding whether [Defendant is] entitled to an evidentiary hearing on his claim, the district court should . . . determine[] whether, accepting the truth of [Defendant's] factual allegations, he could . . . prevail[] on an ineffective assistance claim." *United States v. Blaylock*, 20 F.3d 1458 (9th Cir. 1994), *as amended* (May 6, 1994).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show that: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id*. at 687. "To prove counsel's performance was deficient, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

First, Defendant claims that he received ineffective assistance of counsel when his attorney rejected a Rule 11(c)(1)(C) plea agreement without consulting him. ECF No. 146 at 16. The Ninth Circuit has held that "an attorney's failure to communicate the government's plea offer to his client constitutes unreasonable conduct under prevailing professional standards." *Blaylock*, 20 F.3d at 1466. Thus, if Defendant's factual assertions are true, Defendant could meet the first prong of the *Strickland* test.

Second, to establish prejudice based on ineffective advice leading to an offer's rejection, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Defendant asserts that "he would have accepted the 12-year Rule 11(c)(1)(C) plea agreement had [defense counsel] consulted with him about the benefit of such agreement," and that there is a reasonable probability that the Court would have accepted the plea agreement based on the parties' united front and mitigating factors. ECF No. 146 at 16-18; ECF No. 150 at 7-10. Thus, if

Defendant's factual assertions are true, Defendant could meet the second prong of the *Strickland* test.

In conclusion, as the record now before the Court does not "conclusively show" that Defendant is not entitled to habeas relief, the Court grants Defendant's request for an evidentiary hearing.

**B. Waiver of Attorney-Client Privilege**

Defendant asks the Court to "enter an order recognizing a waiver of attorney-client privilege by implication due to [Defendant's] allegations in his § 2255 motion." ECF No. 146 at 10.

The Ninth Circuit holds that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney—client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir.2003). "The scope of the waiver is determined by the particular claims raised in the petition." *Richardson v. United States*, No. C13-373RSL, 2014 WL 701524, at *1 (W.D. Wash. Feb. 24, 2014). "The implicit waiver of the attorney-client privilege, however, is not unlimited." *Id.* "When faced with a motion for post-conviction relief based on a claim of ineffective assistance of counsel, a court should grant a waiver no broader than necessary to enable the opposing party to respond to the specific allegations presented in the motion." *Id.*

Here, the Court finds that Defendant has waived the attorney-client privilege with regard to any communications between himself and his "allegedly ineffective lawyer" as it relates to the proposed Rule 11(c)(1)(C) plea agreements.

Accordingly, **IT IS ORDERED:**

1. An evidentiary hearing is **SET** for **October 30, 2026, at 10:00 a.m.**, in **Richland**, Washington. The parties should be prepared to present any testimony and any arguments regarding Defendant's Motion for Writ of Habeas Corpus Under 28 U.S.C. § 2255.

2. The United States Marshals Service shall transport Defendant to the Eastern District of Washington to attend the evidentiary hearing on **October 30, 2026, at 10:00 a.m.**, in **Richland**, Washington.

3. The parties may each file a second supplemental brief on or before **September 21, 2026**.

4. Defendant's request for an order recognizing a waiver of attorney-client privilege is granted. The Court declares a waiver of Defendant's attorney-client privilege with respect to the claims made in the instant § 2255 motion, as described above.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to all counsel; prior defense counsel, Nicholas Marchi; the

United States Probation/Pretrial Services Office; and the United States Marshals Service.

DATED July 22, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE